# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **3:11-cv-00795-MEF-TFM** |
| **v.** | ) | |
| **JOE-RYAN ENTERPRISES, INC. d/b/a  JOE-RYAN TRUCKING,** | ) | **OPPOSED** |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION TO STRIKE OR ALTERNATIVELY TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff Equal Employment Opportunity Commission ("Plaintiff", the "Commission",  or  "EEOC"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, moves to strike the affirmative defenses from the Answer filed by Defendant Joe-Ryan Enterprises, Inc. d/b/a/ Joe-Ryan Trucking ("Defendant" or "Joe-Ryan"), on February 20, 2012 [Doc. # 10]. Defendant asserts fourteen (14) affirmative defenses, labeled as paragraphs fourteen (14) – twenty-eight (28) under the heading: "AFFIRMATIVE DEFENSES." [(Doc. 10: 02/20/12, p. 2-3)].[1] Plaintiff has moved to strike all affirmative defenses pled by Joe-Ryan, the 14th - 28th defenses. In support of this motion, Plaintiff avers:

---

[1] The EEOC references such defenses herein in the identical manner referenced by Defendant; by the paragraph number, i.e. 14th.

(1)     Defendant's alleged affirmative defenses are legally invalid because such defenses do not meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553 (2007) and *Ashcroft* v. *Iqbal,* 556 U.S. 662 (2009) (expanding *Twombly* standard to all civil actions). The *Twombly/Iqbal* analysis directly supports the Commission's motion to strike.

(2)     In this action, the *Twombly/Iqbal* analysis warrants application to the Commission's motion to strike. Pursuant to *Twombly/Iqbal,* Rule 8 of the Federal Rules of Civil Procedure requires Joe-Ryan to assert  defenses that are plausible on their face, include specific factual matters, and do more than assert mere "labels and conclusions."

(3)     While no Circuit Courts of Appeals have addressed the issue of whether the *Twombly/Iqbal* pleading standard applies to affirmative defenses, a majority of U.S. District Courts have found that it does. Significantly, the Eleventh Circuit Court of Appeals has not stated its position concerning the application of the *Twombly/Iqbal* analysis to a motion to strike affirmative defenses. Thus, this Court is not bound by any precedent. The *Twombly/Iqbal* analysis is sound reasoning, adopted by a rapidly increasing majority of U.S. District Courts, including several decisions issued by U.S. District Courts in the Eleventh Circuit.

(4)    Alternatively, the Commission's motion is due to be granted in its entirety based on applicable pleading requirements and case law, even without applying the *Twombly/Iqbal* standards.

(5)    Pursuant to established pleading requirements, Joe-Ryan's affirmative defenses are legally deficient and due to be stricken because such alleged affirmative defenses violate the: (a) Defendant's pleading requirements under the Federal Rules of Civil Procedure, including but not limited to Rules 8(b)(1) and 9(b), and established case law; (b) Eleventh Circuit's strict, repeatedly mandated, and established principle "condemning" the use of one-sentence "shotgun" pleadings; and (c) Defendant's legal mandate to, at a minimum, allege sufficient facts to place plaintiff on fair notice of the defense; meaning sufficient facts supporting the defense, the nature of the claim, and preventing unfair surprise.

(6)    Pursuant to established pleading requirements, Joe-Ryan's affirmative defenses are due to be stricken because Joe-Ryan alleges: (a) multiple affirmative defenses in mere conclusory allegations; and such defenses are legally invalid because any affirmative defense must be stricken if it comprises no more than "bare bones conclusory allegations"; and (b) affirmative defenses that are not affirmative defenses, but rather mere denials of the pleadings.

Plaintiff's Memorandum of Law and Plaintiff's Evidentiary Submission in Support of Motion to Strike, filed contemporaneously herewith, provide further support for this motion.

March 12, 2012.

Respectfully submitted,

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE BEAN
Supervisory Trial Attorney
DC Bar # 433292

/s/ STEVEN L. MURRAY
Senior Trial Attorney
(DC Bar No.: 379955)
205-212-2043
steven.murray@eeoc.gov

GERALD L. MILLER
Senior Trial Attorney
(AL Bar No.: ASB-1454-E52G)
205-212-2047
gerald.miller@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL
(205) 212-2062

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

DONE this 12th day of March, 2012.


/s/ STEVEN L. MURRAY
Senior Trial Attorney