# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:11-cv-00795-MEF-TFM |
| v. | ) ) | |
| JOE-RYAN ENTERPRISES, INC. d/b/a JOE-RYAN TRUCKING, Defendant. | ) ) ) ) ) | OPPOSED |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE OR ALTERNATIVELY TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES

## I.    Introduction

Plaintiff Equal Employment Opportunity Commission ("Plaintiff", the "Commission", or "EEOC") alleges in this lawsuit that Defendant Joe-Ryan Enterprises, Inc. d/b/a/ Joe-Ryan Trucking ("Defendant" or "Joe-Ryan") violated Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, by engaging in unlawful employment practices on the basis of sex (female) against Rhonda Brown ("Brown"), Charging Party and a former employee of Joe-Ryan. Defendant subjected Brown to a sexually harassing and hostile environment at Defendant's Phenix City, Alabama, facility, violating Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). In

1

addition, Defendant constructively discharged Brown by subjecting her to sexual harassment so intolerable that she was compelled to resign.

Defendant filed an Answer [Doc. 10: 02/20/12], with fourteen (14) affirmative defenses, labeled as paragraphs fourteen (14) – twenty-eight fifteen (28) under the heading: "AFFIRMATIVE DEFENSES." [(Doc. 10: 02/20/12, p. 2-3)].[1] Plaintiff has moved to strike all affirmative defenses pled by Joe-Ryan, the 14th - 28th defenses. As discussed herein, some alleged affirmative defenses are not legally valid defenses to the Commission's Title VII claim, and Joe-Ryan pleads all affirmative defenses insufficiently under the pleading standards required by the Federal Rules of Civil Procedure and the judicial reasoning set forth in the case law herein.

## ARGUMENT

### I.    Standard of Review for Motions to Strike Affirmative Defenses

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. A court has broad discretion in considering a motion to strike. *See Williams v. Eckerd Family Youth Alternative,* 908 F. Supp. 908, 910 (M.D. Fla. 1995). Motions to strike serve to "avoid the expenditure of time and money that must arise from

---

[1] The EEOC references such defenses herein in the identical manner referenced by Defendant; by the paragraph number, i.e. 14th.

litigating spurious issues by dispensing with those issues prior to trial." *Heller Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1294 (7th Cir. 1989).

Federal Rule of Civil Procedure 8(b)(1)(A) requires a defendant to "state in short and plain terms its defenses to each claim asserted against it." *Fed.R.Civ.P.* 8(b)(1)(A). A Rule 12(f) motion to strike an affirmative defense [2] is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057-58 (5th Cir. 1982). *See also Barna Conshipping, S.L. v. 1,800 Metric Tons, More, of Abandoned Steel*, 2009 WL 1211334 (S.D. Ala. May 4, 2009). Pursuant to *Barna, supra*, an affirmative defense is insufficient if: (1) it is patently frivolous on its face, or (2) it is invalid as a matter of law. *Id.* A defendant must give "fair notice of the defense" by sufficiently articulating the defense so that the plaintiff "is not a victim of unfair surprise." *Id.*

## A.    Overview of Commission's Arguments

The Commission asserts two general arguments. First, the pleading standards in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553 (2007) and

---

[2] An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. *Royal Palm Sav. Ass'n v. Pine Trace Corp*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (expanding *Twombly* standard to all civil actions), directly support the Commission's motion to strike. Second, the Commission's motion is due to be granted in its entirety based on applicable pleading requirements and case law, even without <u>applying</u> the *Twombly/Iqbal* standards.

## II.     *Twombly* & *Iqbal* Support Plaintiff's Motion to Strike

The *Twombly/Iqbal* analysis warrants application to Joe-Ryan's affirmative defenses. Pursuant to *Twombly/Iqbal,* Rule 8 of the Federal Rules of Civil Procedure requires Joe-Ryan to assert defenses that are plausible on their face, include specific factual matters, and do more than assert mere "labels and conclusions." This logic holds true for pleading affirmative defenses-without alleging facts as part of the affirmative defenses, Plaintiff cannot prepare adequately to respond to such defenses. *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 2225668 *2 (S.D. Fla. May 29, 2008).

Significantly, the Eleventh Circuit Court of Appeals has not stated its position on the application of the *Twombly/Iqbal* analysis to motions to strike affirmative defenses. Thus, this Court is not bound by any precedent. The *Twombly/Iqbal* analysis is sound reasoning, adopted by a rapidly increasing majority of U.S. District Courts. The reasoning of *Castillo v.*

4

*Roche Laboratories Inc.*, 2010 WL 3027726, *1-4 (S.D. Fla. April 2, 2010), provides direct support for applying the *Twombly/Iqbal* analysis to the EEOC's motion in issue. *Castillo* applies both Rule 8(a) and the *Twombly/Iqbal* standards:

> [T]he Supreme Court recently clarified the pleading specificity standard, explaining that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "*Iqbal,* 129 S.Ct. at 1949. . . *Twombly,* 550 U.S. at 555). **In other words, "[t]threadbare recitals . . . supported by mere conclusory statements, will not suffice."** *Iqbal,* 129 S.Ct. at 1949. **Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level**." *Twombly,* 550 U.S. at 555. [Emphasis supplied].

*Castilio* recognizes that while no Circuit Courts of Appeals have addressed the issue of whether this heightened pleading standard applies to affirmative defenses, a ***majority of U.S. District Courts have found that it does***.[3] Significantly, many of the U.S. District Courts that have applied the *Twombly/Iqbal* analysis are within Eleventh Circuit.[4] *Castilio* holds: "**Defendant's affirmative defenses must meet the pleading standard set out in *Twombly* and *Iqbal*.**" [Emphasis supplied]. *Castilio* explains:

> [I] addition to increasing litigation costs, boilerplate **defenses** clutter the docket; . . . create unnecessary work, and in an abundance of caution require significant unnecessary discovery…when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial

---

3 *Castillo*, 2010 WL 3027726, *2.
4 *Castillo*, 2010 WL 3027726, *2.

conferences. . . to narrow the issues. . . **the Court needs some statement of the underlying facts in order to focus the scope of discovery. . . due to the growing tendency to assert such boilerplate defenses.**[5]

A vivid example of the continued expanded application of the *Twombly/Iqbal* analysis to affirmative defenses is the recent ruling on January 5, 2012, in *Sace BT  S.P.A. v. Italkitchen International, Inc.,*  2012 WL 37391, *1 (S.D.Fla. 2012). *Sace* followed *Castillo, supra*, and applied *Twombly* to strike affirmative defenses.

## II.    Pre-*Twombly/Iqbal* Pleading Standards Support Plaintiff's Motion

### A.    Federal Rule of Civil Procedure 8(b)(1)

The Commission's motion to strike all of Joe-Ryan's affirmative defenses is due to be granted without application of the *Twombly/Iqbal* standards. Pursuant to established pleading requirements, the Commission's second argument includes two components: (1) Joe-Ryan's failure to follow the pleading requirements of Federal Rules of Civil Procedure 8(b)(1) and 9(b), including Defendant asserting alleged affirmative defenses which are not affirmative defenses, but rather mere denials of the pleadings; and (2) the Eleventh Circuit's strict principle "**condemning**" the use of one-sentence shotgun pleadings that have multiple detrimental effects on the interests of

---

5 [Internal citations & quotation marks omitted][Emphasis supplied].

the Court and the parties. *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d

955, 981 (11th Cir. 2008).

EEOC's motion is due to be granted in its entirety because Joe-Ryan

did not meet the dual requirements of a proper defense required by

*Fed.R.Civ.P.* 8(b)(1), which states, in pertinent part: "[A] party must: (A)

state in short and plain terms its defenses to each claim asserted against it;

and (B) admit or deny the allegations asserted against it by an opposing

party." *Davis, supra,* 516 F.3d at 981.

### B.    Sufficient Facts for Fair Notice Required

The affirmative defense must contain, at a minimum, **sufficient facts**

to place plaintiff on notice of the defense. *Curry v. High Springs Family*

*Practice Clinic and Diagnosis Center Inc.,* 2008 WL 5157683, *2 (N.D.Fla.

December 9, 2008) [Emphasis supplied]. A defendant's affirmative defenses

must plead an affirmative defense with sufficient facts to provide plaintiff

with **fair notice**. *E.E.O.C. v. Courtesy Building Services, Inc.,* 2011 WL

208408, *1-2 (N.D.Tex. December 9, 2011), quoting *Woodfield v. Bowman,*

193 F.3d 354, 362 (5th Cir.1999): "there must be enough factual

particularity in the affirmative defense to give the plaintiff "**fair notice**."

*Courtesy*, *supra*, 2011 WL 208408, *1-2 [Emphasis supplied]. *Courtesy*

reasoned that *Woodfield* was decided before *Twombly* and *Woodfield*

7

required a **fair notice** standard for affirmative defenses. Specifically, *Courtesy, supra*, states:

> **The court therefore applies the affirmative defense standard from** *Woodfield* **to the instant case: Courtesy must allege sufficient facts to give the EEOC** <u>fair notice</u> **of the nature of the affirmative defense and prevent unfair surprise.** *Courtesy*, *supra*, 2011 WL 208408, *1-2. [Emphasis supplied].

### C.    Bare Bones Conclusory Allegations & Mere Denials

A defendant must do more than make conclusory allegations. An affirmative defense must be stricken if it comprises no more than "bare bones conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc*., 211 F.R.D. 681, 684 (M.D.Fla. 2002). An additional, distinct basis to strike many of Joe-Ryan's defenses is Joe-Ryan's several assertions, designated as affirmative defenses, which are actually mere denials. *Curry, supra,* 2008 WL 5157683, *5.

### D.    Eleventh Circuit Condemns "Shotgun" Pleadings

It is impossible to overstate the Eleventh Circuit's established, repeated, and steadfast intolerance of "**shotgun**" pleadings. *Davis, supra*, 516 F.3d at 979-980 [Emphasis supplied]. *Davis* holds that the Court has "roundly, repeatedly, and consistently **condemn[ed]**" model "shotgun" pleadings. [Emphasis supplied]. In February, 2008, *Davis* declared that since 1985: "we have "explicitly **condemned shotgun** pleadings upward of <u>**fifty**</u>

times" *Id.* at 980, n. 54. [Emphasis supplied]. *Davis* admonishes a defendant for alleging fourteen "shotgun" answers of **one sentence** and failing to respond to any specific cause of action. 516 F.3d at 981. *Davis* explains multiple unacceptable consequences of shotgun pleading; including inexorably broadening the scope of unnecessary discovery. *Id.*

### E. Recent Authority Direct Supports Commission's Motion

The Commission's position is the *Twombly/Iqbal* analysis is applicable to strike Joe-Ryan's affirmative defenses. Assuming, *arguendo*, that such analysis is not applied; the applicable Federal Rules of Civil Procedure and judicial precedent support the EEOC's position. The recent case of *Smith v. City of New Smyrna Beach*, 2011 WL 6099547, *1 (M.D.Fla., Dec. 7, 2011), bears an uncanny resemblance to the present case. In *Smith*, the plaintiff alleged Title VII violations for sex discrimination and retaliation, as well as the same violations under the Florida Civil Rights Act. *Smith* grants plaintiff's motion to strike all 16 of defendant employer's affirmative defenses, without applying the *Twombly/Iqbal* analysis. *Smith's* reasoning is directly applicable to this action. *Smith* states:

> The purported affirmative defenses share one shortcoming: They are entirely devoid of specifics. They contain nothing from which the reader could conclude that the City actually believes that they apply in this case. Rather, **the affirmative defenses appear to be simply a generic list of defendant-friendly conclusions that could conceivably be reached in an employment discrimination case**.

Even when challenged, the City provides no support for its pleading, nothing to suggest that it has reviewed this matter and has a good faith belief that these issues will need to be resolved. While affirmative defenses may not have to meet the *Twombly/Iqbal* standard, they must be more than boilerplate. *Smith, supra,* 2011 WL 6099547, *1.[6]

## II.    DEFENDANT'S INVALID AND INSUFFICIENT DEFENSES

- ### 14th Defense: Complaint Fails to State a Claim

Defendant's 14th "defense," is a mere recitation of the language of *Fed.R.Civ.P.* 12(b)(6). This defense is overly broad, and fails to allege sufficient facts to provide the Commission with fair notice of the nature of, and basis for, the defense that is due to be stricken. *Courtesy, supra,* 2011 WL 208408 *3. In *Major v. Wholesale Solar Supply, Inc.,* 2011 WL 3961824, *3 (M.D.Fla. July 19, 2011), the court strikes defendant's affirmative defense of failure to state a claim, stating: "Simply put, a statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense." [Internal citations omitted].[7] Similarly, Joe-Ryan's one sentence conclusion in the 14th defense is merely an improper shotgun assertion of an improperly alleged affirmative defense.

---

[6] The Court's opinion in *Smith* does not list the specific defenses stricken. The EEOC views the *Smith* decision as factually and legally supportive. Therefore, the Commission's Evidentiary Submission, filed contemporaneously herewith, includes the *Smith* decision as Exhibit 1 and the *Smith* plaintiff's motion to strike, which the court granted, as Exhibit 2.

[7] In *Gonzalez v. Spears Holdings, Inc.,* 2009 WL 2391233, *2 (S.D.Fla., July 31, 2009), the court struck the affirmative defense of "plaintiff's failure to state a cause of action" because such "statement is not an affirmative defense."

- **15th & 16th Defenses: Confusing Denials of Complaint**

Defendant's 15th and 16th defenses are due to be stricken. Joe-Ryan's 15th defense states: "Some or all of the allegations contained in the Complaint are barred, and/or recovery therefore should be reduced by the fact that Plaintiff suffered no adverse employment action or tangible job loss as a result of any alleged harassment or retaliation." [Doc. 10, p. 2-3, ¶ 15]. Joe-Ryan's 16th defense states: "Defendant Joe-Ryan exercised reasonable care to prevent and/or correct any unlawfully harassing behavior." [Doc. 10, p. 2 ¶ 16].

Joe-Ryan's alleged 15th defense consists of compound, unspecific, allegations which are denials of the Commission's claim for relief and/or *prima facie* case. Similarly, the 16th defense merely asserts a vague one-sentence conclusion. Significantly, Joe-Ryan, in its Answer, denies all items in its 15th and 16th defenses. [Joe-Ryan's Answer: (Doc. 10: 15th defense at p. 2, ¶ 7-11 & 16th at p. 2, at p. 2, ¶ 9)].

"When a defendant asserts an alleged affirmative defense, which is actually a denial rather than an affirmative defense, and the same was already denied in the answer to the complaint, the defense may be stricken as redundant." *Wiemer v. Felderbaum & Associates, P.A. ADP Totalsource III, Inc.*, 2008 WL 299016 (S.D. Fla. Feb. 1, 2008). Also, a defense pointing

"out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Moreover, the 15th and 16th defenses are pled: (1) lacking "short and plain" statements; (2) without **sufficient facts** to provide the Commission with **fair notice;** (c) as mere "**bare bones conclusory** allegations", and (d) in "**shotgun**" form. Accordingly, Joe-Ryan's defenses are redundant, facially defective, frivolous, and insufficient to satisfy the requisite pleading standards. Therefore, Joe-Ryan's 15th and 16th defenses are invalid as a matter of law and are due to be stricken.

- **17th Defense: Unclean Hands & Fraudulent Submission of Documents**

Defendant's 17th defense is due to be stricken. Defendant states: "Charging party Rhonda Brown's claims are barred by the equitable doctrine of unclean hands to the extent she failed to report any allegedly unwelcome conduct and to the extent she engaged in, participated in, or consented to conduct similar to that about which she now complains and that she has submitted fraudulent work documents to her former employer." [Doc. 10, p. 2-3, ¶ 17].

First, Joe-Ryan fails to plead such defense in compliance with the established requirements for asserting a proper affirmative defense. The 17th defense is a compound, unintelligible assertion. As such, the 17th defense is

not a required "short and plain" statement, setting forth s**ufficient facts** to place the Commission on **fair notice,** but rather an overly broad, non-specific contention. Second, the 17th defense asserts "fraudulent" conduct without pleading such conduct with required specificity. Rule 9(b) of the Federal Rules of Civil Procedure requires "a party must state with particularity the circumstances constituting fraud".[8] Joe-Ryan does not state with any particularity how Brown engaged in any alleged fraud. Therefore, Joe-Ryan's 17th defense is legally invalid and facially defective, frivolous, and in contradiction of the established pleading standards. Thus, the 17th defense may be properly stricken.

- **18th Defense: Contributory Negligence By Commission by Failing to Investigate Adequately**

The Defendant's alleged 18th defense is legally invalid and must be stricken because striking a defense is proper when it is insufficient as a matter of law. *Courtesy,* 2011 WL 208408, *1. First, Plaintiff has not alleged any negligence claim. Second, Defendant has not provided any authority to advance the common law defense of contributory negligence against the

---

[8] *See, e.g., Reis Robotics USA, Inc. v. Concept Industries, Inc*.,  462 F.Supp.2d 897, 906 (N.D.Ill., 2006) [Defense of fraud insufficient because not pled with the heightened particularity; with the alleged circumstances linking detailed allegations to the affirmative defense, to constitute fraud as required by Rule 9(b)].

Commission in defense of a Title VII claim.[9] Finally, the law is clear that the reasonableness of an EEOC investigation cannot form the basis for an affirmative defense in a Title VII proceeding. *E.E.O.C. v. Riverview Animal Clinic, P.C.*, 761 F.Supp.2d 1296, 1305 (N.D.Ala. 2010). Therefore, the entirety of the 18th defense is legally invalid and should be stricken.

- **19th Defense: Fraud**

Defendant asserts "fraud on the part of Rhonda Brown and the Plaintiff." [Doc. 10, p. 3, ¶ 19]. This defense is due to be to stricken. As discussed above in the context of the 17th defense, Joe-Ryan does not allege the allegation of fraud in the 19th defense with the undisputed specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. Joe-Ryan does not state with any particularity how Brown, the Charging Party, and/or the Commission, the Plaintiff, engaged in any alleged fraud. In addition, Joe-Ryan's one-sentence defense is exactly the "**shotgun**" style answer repeatedly "condemned" by Eleventh Circuit. The defense is a legally invalid, mere "**bare bones conclusory** allegation". Moreover, the 19th defense does not set forth, at minimum, sufficient facts to put Plaintiff on **fair notice.** Therefore, the 19th defense is due to be stricken because it fails

---

[9] *Monsanto Co. v. Potts,* 2005 WL 1514130, 2 (S.D.Ohio, January 24, 2005)[Motion to strike granted because contributory negligence was not a legally sufficient defense to the specific claim asserted by plaintiff.].

to meet basic pleading standards, and is invalid as matter of law.

- **20th Defense: Estoppel**

Defendant states: "Plaintiff is estopped from recovery by operation of Rhonda Brown's conduct." [Doc. 10, p. 3, ¶ 20]. This defense is due to be stricken. First, the defense is an unintelligible and convoluted assertion which combines the Plaintiff Commission and Brown. Second, as referenced above, inexplicably, Joe-Ryan's pattern is to ignore established Eleventh Circuit precedent "condemning" the use of one-sentence, "shotgun" affirmative defenses, which is the precise form of Joe-Ryan's one-sentence 20th defense, and constitutes an invalid, mere "bare bones conclusory allegation." Third, the 20th defense does not assert sufficient facts to put plaintiff on fair notice of the defense. Finally, estoppel is an equitable defense that must be pled with specific elements required to establish the defense.[10] Therefore, the 20th defense is due to be stricken because it fails to meet basic pleading standards, and is insufficient as matter of law because it is: (1) patently frivolous on its face, and (2) invalid as a matter of law.

- **21st Defense: License**

Defendant states: "Defendant pleads license by Rhonda Brown." [Doc.

---

[10]. Estoppel is a principle of equity that operates to prevent an otherwise unjust result and applies when a party takes inconsistent positions to another's prejudice. *National Fire Ins. Co. v. Housing Development Co.*, 827 F.2d 1475, 1480 (11th Cir. 1987).

10, p. 3, ¶ 21]. This defense is due to be stricken because it is: (1) unintelligible; (2) a textbook example of a one-sentence "shotgun" style answer; (3) pled without **sufficient facts** to place Plaintiff on **fair notice;** (4) an improper "**bare bones conclusory** allegation." Furthermore, Joe-Ryan pleads this defense in a manner, which lacks the requisite factual and legal specificity under traditional standards, to assert any facts explaining the alleged "conclusion." Joe-Ryan does not provide a single fact informing the Commission of the  alleged matter of license, any relationship of Brown to any such license allegation, or any relationship between the allegation of license and either party; or any relationship between the allegation of license the acknowledged factual and legal issues before the Court. Therefore, Joe-Ryan's defense is facially defective, frivolous, fails to meet established pleading standards, and is invalid as a matter of law. The 20th defense is due to be stricken.

- **22nd Defense: Failure to Exhaust Employer-Provided Remedies**

Defendant states: "Plaintiff is estopped from recovery due to Rhonda Brown's failure to exhaust employer-provided remedies." [Doc. 10, p. 3, ¶ 22]. This defense, commonly referred to as the *Faragher-Ellerth* affirmative defense, expressly does not apply where the discriminatory conduct "culminates in a tangible employment action." *Faragher v. City of*

*Boca Raton,* 524 U.S. 775, 807 (1998); *Burlington Industries v. Ellerth,* 524 U.S. 742, 765 (1998). This defense has no applicability to this case, in which Joe-Ryan constructively discharged Brown, a recognized tangible employment action.

In *Smith, supra,* the Court granted plaintiff's motion to strike, including striking defendant's asserted "*Faragher*" defense, and plaintiff's motion in *Smith* and the court's order support the EEOC in this case. [11] *Smith* agreed with plaintiff's contention that defendant was not entitled to a *Faragher* affirmative defense because such defense should be stricken as not constituting a legal defense under *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The *Smith* analysis is directly applicable to the EEOC's motion concerning Joe-Ryan's 22nd defense, which attempts to implicate the *Faragher* affirmative defense. Critically, Joe-Ryan, despite asserting such defense**, ignores the Supreme Court's caveat that "[n]o affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.**" *Faragher*, 524 U.S. at 808 [Emphasis supplied]. Because the Commission claims Joe-Ryan engaged in a tangible employment action against Brown through a constructive

---

[11] See aforementioned Footnote # 6, p. 10.

discharge, the *Faragher* defense does not apply. Moreover, Defendant's one-sentence "shotgun" assertion fails to provide sufficient facts of any available employer-provided remedy at Joe-Ryan, in any form. Also,     the defense is legally invalid for the same reasons as several other affirmative defenses asserted by Joe-Ryan; this defense: (1) constitutes a "**bare-bones conclusory** allegation"; and (2) does not assert s**ufficient facts** and thereby denies the EEOC fair notice. Thus, the 22nd defense is legally insufficient and invalid as matter of law.

- **23rd Defense: Estoppel & Failure to Mitigate Damages**

Defendant states: "Plaintiff is estopped from recovery due to [Brown's] failure to mitigate damages by seeking and obtaining comparable employment available in the community." [Doc. 10, p. 3, ¶ 23]. This defense is due to be stricken. First, the defense is a compound, unintelligible, and convoluted assertion, including two alleged defenses. Thus, such defense does not comply with the the short and plain statement mandate set forth in Fed.R.Civ.P. 8(c). Second, as referenced above, the defense fails to meet the established requirements of pleading an affirmative defense. This defense fails to assert **sufficient facts** to place plaintiff on **fair notice** because it is overly broad, confusing, and non-specific. Furthermore, estoppel is an equitable defense that must be pled with specific elements

required to establish the defense.[12] Therefore, Joe-Ryan's 23rd defense is facially deficient, unlawfully vague, and invalid as a matter of law.

- **24th & 25th Defense: Deficient Defenses to Commission's Claim for Punitive Damages.**

Defendant's 24th and 25th defenses are due to be stricken. Joe-Ryan's 24th defense states: "Plaintiff claim for punitive damages is barred because Defendant has not engaged in any practice with actual malice or wanton disregard for Plaintiff's rights." [Doc. 10, p. 3, ¶ 24]. Joe-Ryan's 25th defense states: "Plaintiff may not recover punitive damages because it suffered no injury resulting from conduct of a managing agent of Defendant." [Doc. 10, p. 3, ¶ 25].

Joe-Ryan's 24th and 25th defenses are invalid as a matter of law and are insufficiently pled. The Commission may seek punitive damages in Title VII cases against private sector employers, pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. Moreover, Defendant asserts each defense without providing the factual particularity required by basic pleading standards. Moreover, the case of *In re Rawson Food Service, Inc.*, *supra*, 846 F.2d at 1349, holds: "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." If the assertion is

---

[12] Estoppel is a principle of equity that operates to prevent an otherwise unjust result and applies when a party takes inconsistent positions to another's prejudice. *National Fire Ins. Co. v. Housing Development Co.*, 827 F.2d 1475, 1480 (11th Cir. 1987).

actually a denial rather than an affirmative defense and the same was already denied in the answer to the complaint, the defense may be stricken as redundant. *Wiemer, supra,* 2008 WL 299016 *1.

Joe-Ryan's 24th and 25th defenses are mere denials of its conduct, and such denials are set forth in Defendant's Answer. [Answer: (Doc. 10: p. 2, ¶ 9-13)]. These two defenses merely assert, in vague one-sentence conclusions, conduct denied in the Answer, concerning the EEOC's claim for punitive damages. Therefore, such affirmative defenses are legally invalid and are due to be stricken.

- **26th Defense: Statutory Caps**

Defendant states: "Any recovery is limited by the applicable statutory caps." [Doc. 10, p. 3, ¶ 26]. This defense is due to be stricken. First, the defense is a "bare bones conclusory allegation" that is legally invalid. Defendant does not specify the type of recovery in issue, instead, alleging that "[a]ny recovery" is limited by statutory limits. This statement is an inaccurate statement of Title VII law. Title VII does not provide any statutory "caps" for the financial amount of any back pay or front pay that a party may recover. Second, in *Gonzalez, supra,* 2009 WL 2391233, *4, the Court struck the following affirmative defense: "The damages Plaintiff may recover in this action are restricted by the statutes and acts which form the

20

basis for the cause of action." *Gonzalez* explains:

> [S]uch defense is a bare-bones conclusory defense which violates the notice pleading requirement in Rule 8. Defendants fail to assert facts which provide Plaintiff fair notice of what the affirmative defense is and the grounds upon which it rests. *Fed.R.Civ.P.* 8(c). *Id.* [Internal quotations & citations omitted]. *Id.*

- **28th Defense: Reservation of Rights**

The law is established that Joe-Ryan may not use an affirmative defense for the reservation of any right to eventually assert other defenses. In *International Metalizing & Coatings, Inc. v. M & J Construction Co. of Pinellas County*, *Inc*., 2010 WL 2889687, *2 (M.D.Fla. July 19, 2010), the court grants the motion to strike such defense, stating:

> Defendant attempts to **reserve the right** to assert additional defenses in the future. **This reservation of rights has been held by other courts in the Eleventh Circuit to be an invalid affirmative defense**. Federal Rule of Civil Procedure 12(b) requires that all defenses be asserted in the responsive pleading. Reserving the right to assert more affirmative defenses in the future will not allow the defendant to escape the requirement of Federal Rule of Civil Procedure 12(b). . . .[Internal citations omitted].[13] [Emphasis supplied].

---

[13] *See also*, *Smith, supra*, 2011 WL 6099547, *1 [Defendant's "reservation," therefore, is not a defense, is without authority under the Rules and should be stricken."]; In *Gonzalez, supra*, 2009 WL 2391233, *4 (S.D.Fla. 2009), the court struck: "Defendants reserve the right to state additional affirmative defenses as discovery may reveal." Gonzalez held: "This reservation of rights clause **does not constitute an affirmative defense. . . ."** [Emphasis supplied][Internal citations omitted].

## III.    CONCLUSION

For the reasons stated herein, Defendant's 14th - 28th affirmative defenses should be stricken.

March 12, 2012.

<div style="margin-left:40%">

Respectfully submitted,

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE BEAN
Supervisory Trial Attorney
DC Bar # 433292

/s/ STEVEN L. MURRAY
Senior Trial Attorney
(DC Bar No.: 379955)
205-212-2043
steven.murray@eeoc.gov

Gerald Miller
Senior Trial Attorney
(AL Bar No.: ASB-1454-E52G)
205-212-2047
gerald.miller@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL
(205) 212-2062

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

DONE this 12th day of March, 2012

/s/ STEVEN L. MURRAY
Senior Trial Attorney