# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:11-cv-00795-MEF-TFM |
| v. | ) | |
| JOE-RYAN ENTERPRISES, INC. d/b/a JOE-RYAN TRUCKING, | ) ) | OPPOSED |
| Defendant. | ) ) ) | |
| _____ | ) | |

## PLAINTIFF'S EVIDENTIARY SUBMISSION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR ALTERNATIVELY TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES & IN SUPPORT OF PLAINTIFF'S BRIEF IN SUPPORT OF MOTION

Exhibit 1.  *Smith v. City of New Smyrna Beach*
2011 WL 6099547, *1 (M.D.Fla., Dec. 7, 2011)
[Case No. 6:11-cv-1110-Orl-31 KRS]

Exhibit 2.  *Smith v. City of New Smyrna Beach*
2011 WL 6099547 (M.D.Fla.2011)
[Case No. 6:11-cv-1110-Orl-31 KRS]
●Plaintiff's Motion to Strike and Avoid Affirmative Defenses (Doc. # 26: 11/14/11).

March 12, 2012.

# <u>PLAINTIFF'S EXHIBIT 1</u>

## *Smith v. City of New Smyrna Beach*

2011 WL 6099547 (M.D.Fla. Dec. 7, 2011)
[Case No. 6:11-cv-1110-Orl-31 KRS]

Slip Copy, 2011 WL 6099547 (M.D.Fla.)
**(Cite as: 2011 WL 6099547 (M.D.Fla.))**

Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Orlando Division.
Melissa SMITH, Plaintiff,
v.
CITY OF NEW SMYRNA BEACH, Defendant.

No. 6:11–cv–1110–Orl–31KRS.
Dec. 7, 2011.

Adam David Kemper, Karen Coolman Amlong,
Amlong & Amlong, PA, Fort. Lauderdale, FL, for
Plaintiff.

Douglas T. Noah, Dean, Ringers, Morgan & Law-
ton, PA, Orlando, FL, for Defendant.

William R. Amlong, Amlong & Amlong, Pa, Fort
Lauderdale, FL, for Plaintiff/Defendant.

**ORDER**

GREGORY A. PRESNELL, District Judge.

**\*1** This matter comes before the Court on the
Motion to Strike Affirmative Defenses (Doc. 26)
filed by the Plaintiff, Melissa Smith ("Smith"), and
the response (Doc. 28) filed by the Defendant, New
Smyrna Beach (the "City").

In this gender discrimination case, Smith, a
firefighter and paramedic, contends that she
suffered sexual harassment and, after complaining
about it, retaliation. She has asserted claims under
both Title VII of the Civil Rights Act of 1964 and
the Florida Civil Rights Act. In its Amended An-
swer (Doc. 25), the City raises 16 affirmative de-
fenses. Smith seeks to have all 16 stricken for fail-
ing to satisfy the pleading requirements set forth in
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct.
1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v.
Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d
868 (2009).

Without reaching the issue of whether *Twombly*
and *Iqbal* apply, the Court concludes that the af-
firmative defenses must be stricken. The affirmat-
ive defenses suffer from a host of deficiencies, in-
cluding the fact that a number of them are not af-
firmative defenses but mere denials of one or more
elements of the Plaintiff's claims.[FN1] Others ap-
pear to describe valid affirmative defenses but fail
to assert that the defense applies in this case.[FN2]
The City's final affirmative defense is nothing more
than an assertion of a right to amend its answer if it
comes up with any more affirmative defenses.
(Doc. 25 at 6).

> FN1. For example, "As its eleventh Af-
> firmative Defense, this Defendant would
> assert that Plaintiff cannot prove that De-
> fendant's alleged discriminatory and/or re-
> taliatory act or acts were the proximate or
> legal cause of damages sustained by the
> Plaintiff." (Doc. 25 at 7).

> FN2. As an example, the City's second af-
> firmative defense discusses (in somewhat
> overbroad terms) the Plaintiff's obligation
> to present her claims to the EEOC before
> filing suit: "[T]his Defendant would assert
> that any and all claims made by Plaintiff in
> her Complaint that were not specifically
> set forth in a complaint or Charge of Dis-
> crimination timely filed with the Equal
> Employment Opportunity Commission, or
> any deferral agency, cannot be the basis
> for any claim of discrimination against this
> Defendant". (Doc. 25 at 5–6). The City
> does not actually assert that the Plaintiff
> failed to present any of her claims to the
> pertinent agency.

The purported affirmative defenses share one
shortcoming: They are entirely devoid of specifics.
They contain nothing from which the reader could
conclude that the City actually believes that they
apply in this case. Rather, the affirmative defenses

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 6099547 (M.D.Fla.)
**(Cite as: 2011 WL 6099547 (M.D.Fla.))**

appear to be simply a generic list of defendant-friendly conclusions that could conceivably be reached in an employment discrimination case. Even when challenged, the City provides no support for its pleading, nothing to suggest that it has reviewed this matter and has a good faith belief that these issues will need to be resolved. While affirmative defenses may not have to meet the *Twombly/Iqbal* standard, they must be more than boilerplate.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Strike Affirmative Defenses is **GRANTED,** and the Defendant's affirmative defenses are **STRICKEN .** Should it wish to do so, the City may file an amended answer and affirmative defenses on or before December 19, 2011.

**DONE** and **ORDERED.**

M.D.Fla.,2011.
Smith v. City of New Smyrna Beach
Slip Copy, 2011 WL 6099547 (M.D.Fla.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# PLAINTIFF'S EXHIBIT 2

## *Smith v. City of New Smyrna Beach*

2011 WL 6099547 (M.D.Fla. Dec. 7, 2011)
[Case No. 6:11-cv-1110-Orl-31 KRS]

**[Plaintiff's Motion to Strike & Avoid Affirmative Defenses]**
(Doc. # 26: 11/14/11)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:11-cv-1110-Orl-31 KRS

MELISSA SMITH

    Plaintiff,

vs.

CITY OF NEW SMYRNA BEACH,

    Defendant.

_____/

### Plaintiff's Motion to Strike and Avoid Affirmative Defenses

Plaintiff, Melissa Smith, moves pursuant to Federal Rule of Civil Procedure 12(f) to strike the affirmative defenses pleaded by defendant, City of New Smyrna Beach, in Defendant's Amended Answer and Affirmative Defenses [D.E. 25], on the grounds that:

1.    All of the affirmative defenses are mere conclusions that do not satisfy the pleading requirements set out in Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937 (2009) or Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

2.    Defendant's Second, Third, Fifth, Eighth, Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses are insufficient as a matter of law.

3.    The Tenth Affirmative Defense does not present a legal defense to plaintiff's claim for retaliation and for plaintiff's claims under the Florida

The Amlong Firm • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

Civil Rights Act of 1992, since the same-decision defense applies only to substantive discrimination under Title VII. <u>Gross v. FBL Financial Services</u>, ___ U.S. ___, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

## Certificate of Good Faith Conference

Pursuant to Local Rule 3.01(g), I hereby certify by signing and filing this motion that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. After plaintiff presented defendant's counsel with its proposed motion, on October 5, 2011, defendant agreed to revise part of its Answer and Affirmative Defenses [D.E. 8] and subsequently filed Defendant's Amended Answer and Affirmative Defenses [D.E. 25]. The parties were unable to agree to the rest of issues for which plaintiff has addressed below. Therefore, plaintiff is need of court intervention to help resolve the issues the parties were unable to.

## Memorandum of Law in Support of Motion to Strike

An affirmative defense is established when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance. <u>Morrison v. Exec. Aircraft Refinishing, Inc</u>., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). To constitute a sufficient affirmative defense, a defendant must allege some additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case. <u>In re Rawson Food Serv., Inc.</u>, 846 F.2d 1343, 1349 (11th Cir. 1988). Further, "an affirmative defense is subject to the same pleading requirements as is the complaint." <u>Woodfield</u>

v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999); Falzarano v. Retail Brand
Alliance, Inc., 2008 U.S. Dist. LEXIS 25358, at *1 (S.D. Fla. Mar. 31, 2008).

Rule 12(f) of the Federal Rules of Civil Procedure permits a party to
move to "strike from a pleading an *insufficient defense* or any redundant,
immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)
(emphasis added).

**Point 1:**   **The heightened pleading standard articulated in Twombly
and Iqbal applies to affirmative defenses asserted in this
Court**

Defendant has pleaded 16 bare bones, boilerplate affirmative defenses
unsupported by any facts whatsoever. To wit:

56. As its **first Affirmative Defense**, this Defendant would assert
that Plaintiff reasonably failed to follow the policy and grievance procedures
available to her in regard to her complaints and therefore, is barred from
recovering against this Defendant.

57. As its **second Affirmative Defense**, this Defendant would assert
that any and all claims made by Plaintiff in her Complaint that were not
specifically set forth in a complaint or Charge of Discrimination timely filed
with the Equal Employment Opportunity Commission, or any deferral
agency, cannot be the basis for any claim of discrimination against this
Defendant and, therefore, Plaintiff is barred from recovering against this
Defendant based upon any such claims.

58. As its **third Affirmative Defense**, this Defendant would assert
that Plaintiff failed to exhaust the administrative requirements provided by
42 U.S.C. § 2000e and the Florida Civil Rights Act codified at Florida Statute
§ 760.11 and, therefore, is not entitled to pursue claims of discrimination
against this Defendant.

59. As its **fourth Affirmative Defense**, this Defendant would assert
that Plaintiff's Complaint is barred in whole or in part because NEW SMYRNA
BEACH neither created nor permitted the existence of a workplace
harassment which was sufficiently severe or pervasive so as to alter the
working conditions of its employees.

60. As its **fifth Affirmative Defense**, this Defendant would assert that it has a well disseminated and consistently enforced policy against discrimination and retaliation, as well as a reasonable and available procedure for receiving and investigating alleged complaints of discrimination. To the extent that Plaintiff unreasonably failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

61. As its **sixth Affirmative Defense**, this Defendant would assert that Plaintiff's Complaint is barred because any actions taken by NEW SMYRNA BEACH against Plaintiff were based on reasonable factors other than gender or engaging in protected activity.

62. As its **seventh Affirmative Defense**, this Defendant would assert that Plaintiff cannot prove that she was discriminated against because of her sex or gender or that sex or gender was a substantial or motivating factor that prompted the Defendant's actions.

63. As its **eighth Affirmative Defense**, this Defendant would assert that Plaintiff's Complaint is barred in whole or in part because even if any adverse employment actions by NEW SMYRNA BEACH toward the Plaintiff were motivated in part by sex or gender, which they were not, the same decisions would have been made with respect to the Plaintiff regardless of her sex or gender.

64. As its **ninth Affirmative Defense**, this Defendant would assert that Plaintiff did not engage in any protected activity within the meaning of 42 U.S.C. § 2000e-3(a); any actions taken by NEW SMYRNA BEACH were not causally related to any protected activity; and NEW SMYRNA BEACH'S actions at all times were taken for non-discriminatory, legitimate business reasons.

65. As its **tenth Affirmative Defense**, this Defendant would assert that the conduct identified by the Complaint is not sufficiently severe or pervasive so as to alter the terms and conditions of employment, and, therefore, Plaintiff fails to allege actionable harassment or hostile work environment.

66. As its **eleventh Affirmative Defense**, this Defendant would assert that Plaintiff cannot prove that Defendant's alleged discriminatory and/or retaliatory act or acts were the proximate or legal cause of damages sustained by the Plaintiff.

67. As its **twelfth Affirmative Defense**, this Defendant would assert that Plaintiff's claims alleging discrimination in violation of Chapter 760,

Florida Statutes, are determined in accordance with case law interpreting Title VII of the Civil Rights Act of 1964, as amended and, therefore, the defenses pled herein with respect to Plaintiff's Title VII claims are specifically incorporated by reference herein as to Plaintiff's claims under Chapter 760, Florida Statutes.

68. As its **thirteenth Affirmative Defense**, this Defendant would assert that it is entitled to judgment with respect to Plaintiff's Complaint alleging violation of the Florida Civil Rights Act of 1992 codified at Florida Statute § 760.10 for failure to exhaust administrative remedies.

69. As its **fourteenth Affirmative Defense**, Defendant would assert that Plaintiff has failed to mitigate her damages, if any, and as such, this Defendant is entitled to a set-off equal to that amount.

70. As its **fifteenth Affirmative Defense**, this Defendant would assert that it is entitled to an offset against any alleged lost income for any amounts earned or which could have been earned by any Plaintiff.

71. As its **sixteenth Affirmative Defense**, this Defendant would assert its right to amend its Answer and to add Affirmative Defenses or counterclaims which may become known during discovery.

While the Eleventh Circuit has not ruled on the issue, courts in the Southern District of Florida, along with the majority of district courts considering the issue, have held that affirmative defenses must meet the pleading standard set out in Twombly and Iqbal. Castillo v. Roche Labs., Inc., 2010 U.S. Dist. LEXIS 87681 (S.D. Fla. July 30, 2010). In Castillo, at *3-*4 (S.D. Fla. July 30, 2010) the court acknowledged:

> [T]he Supreme Court recently clarified the pleading specificity standard, explaining that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949) (quoting Twombly, 550 U.S. at 555). In other words, "[t]hreadbare recitals ... supported by mere conclusory statements, will not suffice." Iqbal, 129 S. Ct. at 1949. Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Id. at *3-*4.

The <u>Castillo</u> court held that boilerplate defenses — e.g., "Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted," "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations," and "Plaintiff has failed to reasonably mitigate his damages and any relief should be reduced accordingly" — were insufficient because they failed to give the plaintiff sufficient notice of the facts underpinning those defenses. <u>Id</u>. at *9-*11. "In order to provide fair notice to Plaintiff," the <u>Castillo</u> court held, quoting <u>Twombly</u>, 550 U.S. at 555, "Defendant's affirmative defenses must contain sufficient facts to 'raise a right to relief above the speculative level.'"

Just recently, in <u>Chase v. Nova Southeastern University</u>, Case No. 11-61290-Civ-Dimitrouleas, Slip Op. (S.D. Fla. August 26, 2011) [D.E. 12], the court said that "an affirmative defense must be stricken when the defense compromises no more than bare-bones, conclusory allegations." <u>Id.</u> at 2, citing <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 684 (M.D. Fla. 2002). In <u>Chase</u>, the court considered plaintiff's heightened pleading standard argument, in regard to defendant's bare bones assertion that plaintiff had failed to mitigate his damages and said,

> this defense simply names a legal theory but does not provide specific facts to indicate how the theory is connected to the case at hand.  This defense is stricken as boiler-plate and wholly conclusory in that it does not provide fair notice as to how the Plaintiff failed to mitigate his damages.

Chase, at 3.  The court relied on Meridian of Palm Beach Condo. Assoc. Inc.,

v. QBE Insurance Corp., 2007 U.S. Dist. Lexis. 33589 (S.D. Fla. May 8,

2007).

Defendant's affirmative defenses are nothing more than the boilerplate

defenses asserted and subsequently stricken by the court in Chase and in

Castillo.  If defendant wishes to rely on the defenses, it needs to plead them

with sufficient particularity so that plaintiff will be put on notice as to which

alleged facts she must deal through discovery, motion practice and trial.

Since defendant has failed to do so, it's affirmative defenses should be

stricken in their entirety for failing to meet the Iqubal/Twombly standard.

**Point 2:**    **Defendant's Second Affirmative Defense should be stricken as insufficient because it is a misstatement of the law.**

Even if this court chooses not to strike defendant's Second Affirmative

Defense, to wit,

> As its **second Affirmative Defense**, this Defendant would assert that any and all claims made by Plaintiff in her Complaint that were not specifically set forth in a complaint or Charge of Discrimination timely filed with the Equal Employment Opportunity Commission, or any deferral agency, cannot be the basis for any claim of discrimination against this Defendant and, therefore, Plaintiff is barred from recovering against this Defendant based upon any such claims[,]

based on plaintiff's Iqbal/Twombly argument, it nonetheless should be

stricken on the ground that plaintiff's claims of unlawful conduct are not

limited by the language specifically set forth on the charge filed by plaintiff;

rather, plaintiff's claims are limited only by the scope of the EEOC

investigation which can grow out of the charges.

The old Fifth Circuit Court of Appeals made clear in <u>Sanchez v.</u>

<u>Standard Brands Inc.</u>, 431 F.2d 455 (5th Cir. 1970),[1] that plaintiffs are not

bound by their initial EEOC charge of discrimination and that in regard to

Title VII, the procedural rules that are developed should be sufficiently

liberal to protect an employee's rights.  The <u>Sanchez</u> court stated:

> A charge of discrimination is *not* filed as a preliminary to a
> lawsuit. On the contrary, the purpose of a charge of discrimination is
> to trigger the investigatory and conciliatory procedures of the EEOC
> ...Only if the EEOC fails to achieve voluntary compliance will the
> matter ever become the subject of court action. Thus it is obvious that
> the civil action is much more intimately related to the EEOC
> investigation than to the words of the charge which originally triggered
> the investigation. Within this statutory scheme, it is only logical to limit
> the permissible scope of the civil action *to the scope of the EEOC
> investigation which can reasonably be expected to grow out of the
> charge of discrimination*.

<u>Id.</u> at 466.(Emphasis added).

Thus, if this affirmative defense is not stricken as being insufficiently

pleaded under the argument made in Point 1, the court nonetheless should

strike it as a misstatement of the law.

**Point 3:**     **Defendant is not entitled to a <u>Faragher</u> affirmative
defense because this case involves a tangible job
detriment.**

Even if sufficient under <u>Iqbal</u> and <u>Twombly</u>, which it is not for the

reasons argued in Point I, the defense stated in Defendant's Seventh

Affirmative Defense should be stricken as not constituting a legal defense

---

[1]The Eleventh Circuit, in an en banc decision, <u>Bonner v. City of Pritchard</u>,
661 F.2d 1206, 1209 (11th Cir.1981), adopted as binding precedent  decisions
of the former Fifth Circuit rendered prior to October 1, 1981.

under <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998) and the facts of this case.  Defendant asserted an affirmative defenses which attempts to implicate the <u>Faragher</u> affirmative defense, its Fifth, which is quoted above.

In <u>Faragher</u>, a sexual-harassment case, the Supreme Court created an affirmative defense to liability for an employer that shows that it exercised reasonable care to avoid harassment and to eliminate it when it might occur, and that the complaining employee had failed to act with reasonable care to take advantage of the employer's safeguards and otherwise to prevent harm that could have been avoided. <u>Id.</u> at 805.

Defendant's Fifth Affirmative Defense attempts to utilize these defenses in a case in which plaintiff has been terminated and, thus, fails to recognize the Supreme Court's caveat that "*[n]o affirmative defense is available*, however, when the supervisor's harassment culminates in a *tangible employment action, such as discharge*, demotion, or undesirable reassignment." <u>Faragher</u>, 524 U.S. at 808 (emphasis added).   Because plaintiff's claims involve a termination, <u>see</u> ¶ 1 & ¶ 28 of Complaint [D.E. 1], a tangible employment action, the <u>Faragher</u> defenses simply do not apply.

**Point 4:**     **<u>Gross</u> makes it clear that the same-decision defense does not apply whatsoever outside of Title VII discrimination claims tried under a mixed-motive theory**

The clear import of <u>Gross v. FBL Financial Services</u>, U.S. ,129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009) is that the mixed-motive/same-decision defense should be limited to the substantive discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991.  The provision, therefore, does not apply to retaliation actions brought pursuant to 42 U.S.C. § 2000e-3 or the Florida Civil Rights Act of 1992. Thus, defendant's Eighth Affirmative Defense is not a legal defense to those aspects of plaintiff's complaint.

Elevated by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) to be the law of the land after differing approaches had "to say the least, left the Circuits in disarray," 490 at 238, n.2, the mixed-motive/same-decision defense, as the Court of Appeals for the Eleventh Circuit recently explained in Mora v. Jackson Mem. Found., Inc., 597 F.3d 1201 (11th Cir. 2010), "set out a 'burden shifting' procedure for 'mixed motive' discrimination claims under Title VII." Id. at 1203.

> Briefly stated, under Price Waterhouse, once a plaintiff shows that race or sex discrimination was a motivating or substantial factor in an employment decision, the burden of persuasion shifts to the employer to demonstrate by a preponderance of the evidence that the employer would have made the "same decision" in the absence of the discriminatory motive....

Id.

Congress codified that notion as it relates to race, color, religion, sex, or national origin by adding to Title VII, through the Civil Rights Act of 1991, § 2000e-2(m), which provides:

> **Impermissible consideration of race, color, religion, sex, or national origin in employment practices.** Except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

Congress, however — although expansively providing jury trials and, in

general, compensatory and punitive damages of up to $300,000 in the 1991

Act for others injured by discrimination — provided only minimal relief to any

employee whose otherwise rightful termination or demotion was infected by

animus against his or her race, color, religion, sex, or national origin.

Section 2000e-5(g)(2)(B) states that:

> On a claim in which an individual proves a violation under section 703(m) [§ 2000e-2(m)] and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court —
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 703(m); and
>
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).[2]

Although the Eleventh Circuit previously held — post-<u>Price Waterhouse</u>

and post-Civil Rights Act of 1991 — that <u>Price Waterhouse</u>'s mixed-

motive/same-decision defense applied in employment cases brought either,

---

[2]Section 2000e-5(g)(2)(A) provides:

No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 704(a) [§ 2000e-3(a)].

***One***, not under Title VII,[3] or, ***Two***, not involving discrimination based on

"race, color, religion, sex, or national origin," § 2000e-2(m),[4] the <u>Mora</u> court

adopted (as it had to) <u>Gross</u>'s logic in reversing a "same defense" summary

judgment in case brought pursuant to the Age Discrimination in Employment

Act ("ADEA").[5] As the <u>Mora</u> court characterized <u>Gross</u>: "the Supreme Court

has excluded the whole idea of a 'mixed motive' ADEA claim — and the

corresponding 'same decision' defense..." <u>Id.</u> Thus, even though <u>Mora</u>

arguably involved nothing more than a holding that a plaintiff had presented

sufficient evidence to raise a genuine issue of material fact, 597 F.3d at

1204, it points the way towards a proper departure from 11th Circuit

precedent applying the mixed-motive/same-decision defense beyond the

substantive discrimination provisions of Title VII enumerated in § 2000-

2(m): "It is well settled that a panel of this court may depart from circuit

precedent based on an intervening opinion of the Supreme Court that

undermines the prior precedent...." <u>Fla. Dep't of Rev. v. Omine (In re</u>

<u>Omine)</u>, 485 F.3d 1305, 1314 (11th Cir. 2007)(affirming, in part, district

court's approval of bankruptcy court sanctions against Florida Department of

─────────────────────

[3] <u>Pennington v. City of Huntsville</u>, 261 F.3d 1262, 1269 (11th Cir. 2001)("It is clear that this mixed-motive defense remains good law in § 1983 cases."

[4] <u>Lewis v. YMCA</u>, 208 F.3d 1303, 1305 (footnotes omitted) (11th Cir. 2000)("[T]the Civil Rights Act of 1991 makes reference to the ADEA in other sections, see, e.g., § 115, but not to ADEA retaliation claims in § 2000e-2(m).

[5] 9 U.S.C. § 621. <u>et seq.</u>

Revenue for violation of automatic stay, based on new decision by the Supreme Court, notwithstanding a 2004 panel decision holding that Congress's efforts to abrogate sovereign immunity through the enactment of 11 U.S.C. § 106(a) were unconstitutional).

In <u>Gross</u>, the Court reached out beyond the question presented — i.e., "whether a plaintiff must present direct evidence of age discrimination in order to obtain a mixed-motives jury instruction in a suit brought under the [ADEA]," 129 S.Ct. at 2346 — to vacate the decision below on the far more basic level that "such a jury instruction is never proper in an ADEA case." <u>Id.</u>

In so holding, the Court blunted the impact of the plurality holding in <u>Price Waterhouse</u> other than to the extent that it had been codified (with its limited remedies) as part of the Civil Rights Act of 1991 to cover cases in which "the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." <u>Id.</u>, quoting § 2000e-2(m). Noting that Congress had not inserted such language into the ADEA through the 1991 Act, even though it had made other amendments to the ADEA through that legislation, the Court warned that "[w]hen conducting statutory interpretation, we must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." <u>Id.</u> at 2349 (citation and internal quotation marks omitted).

Discussing established principles of statutory construction, the Court observed:

> We cannot ignore Congress' decision to amend Title VII's relevant provisions but not make similar changes to the ADEA. When Congress amends one statutory provision but not another, it is presumed to have acted intentionally.... Furthermore, as the Court has explained, negative implications raised by disparate provisions are strongest when the provisions were considered simultaneously when the language raising the implication was inserted....

Id. at 2349 (citation and internal quotation marks omitted).

Like the ADEA, neither 42 U.S.C. § 2000e-3(a), Title VII's retaliation provision, or the Florida Civil Rights Act of 1992, authorizes a "mixed motive claim," or a "same-decision" defense.

Indeed, because of the solicitude that Congress expressed for Title VII's retaliation victims, See Burlington Northern v. White, 548 U.S. 52 (2006)(recognizing that Congress wanted to outlaw not just ultimate job actions, e.g., termination against persons who asserted Title VII rights, but meant to forbid any action that could interfere or dissuade a reasonable worker from complaining about discrimination), it is logical that Congress wished to provide additional protections to such persons by not extending the "same-defense" provision to cover those shown to have retaliated.

Therefore, plaintiff respectfully requests that this Court strike defendant's Eighth Affirmative Defense because it attempts to implicate the "same-decision" defense and does not specify that it is only aimed at plaintiff's discrimination claims under Title VII.

**Point 5:**    **Defendant's Third and Thirteenth Affirmative Defenses should be stricken as insufficient as a matter of law under Federal Rule of Civil Procedure 9(c).[6]**

Courts have stricken under Federal Rule of Civil Procedure 9(c) an affirmative defenses identical to defendant's Third and Thirteenth Affirmative Defenses, which allege respectively, "[a]s its third Affirmative Defense, this Defendant would assert that Plaintiff failed to exhaust the administrative requirements provided by 42 U.S.C. § 2000e and the Florida Civil Rights Act codified at Florida Statute § 760.11 and, therefore, is not entitled to pursue claims of discrimination against this Defendant" [and] "[a]s its thirteenth Affirmative Defense, this Defendant would assert that it is entitled to judgment with respect to Plaintiff's Complaint alleging violation of the Florida Civil Rights Act of 1992 codified at Florida Statute § 760.10 for failure to exhaust administrative remedies[,]" because they are conclusory allegations that are not pleaded with particularity as required under Rule 9(c) of the Federal Rules of Civil Procedure. See Falzarano v. Retail Brand Alliance, Inc., 2008 U.S. Dist. LEXIS 25358, at *1 (S.D. Fla. Mar. 31, 2008)(striking defense that "[p]laintiff's claims may be barred, in whole or in part, by the failure to satisfy the conditions precedent to bringing suit[,]" as conclusory

---

[6] Rule 9(c) provides:

In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

allegations that plaintiff failed to comply with conditions precedent while Rule 9(c) requires that this allegation be denied with particularity). Thus, even were this court not to apply the <u>Twombly</u> and <u>Iqbal</u> standard to these affirmative defenses, defendant's Third and Thirteenth Affirmative Defenses should be stricken as insufficient under Rule 9(c) pursuant to <u>Falzarano</u>.

**<u>Point 6</u>:** **Defendant may seek to amend its defenses; but it cannot just avoid later waiver arguments by "reserving" the "right" to add others.**

In its sixteenth Affirmative Defense defendant states, "this Defendant would assert its right to amend its Answer and to add Affirmative Defenses or counterclaims which may become known during discovery." Rule 12(h)(2) permits a defendant to raise certain defenses at trial or in a Rule 12(c) motion for judgment on the pleadings and, therefore, defendant does not need to "reserve" any right to assert these defenses. Any other addition of defenses, following a defendant's answer or a matter-of-right amendment under Rule 15(a)(1), is prohibited, however, absent compliance with Rule 15(a)(2). Its "reservation," therefore, is not a defense, is without authority under the Rules and should be stricken.

**Conclusion**

Plaintiff respectfully requests this Court, based on the authorities cited and the arguments presented, to:

***One***, strike all of defendant's affirmative defenses as being conclusorily pleaded, and order that if defendant amends its defenses, it do so with supporting factual allegations; and

*Two*, in the alternative, strike Defendant's Second, Third, Fifth, Eighth, Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses as insufficient as a matter of law.

Respectfully submitted,

/s/ Adam D. Kemper
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
ADAM D. KEMPER
Florida Bar Number 89099
AKemper@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, FL 33301-1154
(954) 462-1983

***Attorneys for plaintiff,
Melissa Smith***

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the United States District Court for the Middle District of Florida and thereby electronically transmitted to the following counsel of record this  14th  day of November 2011.

/s/ Adam D. Kemper
ADAM D. KEMPER

Service List:

WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
ADAM D. KEMPER

Florida Bar Number 89099
AKemper@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983

***Attorneys for Plaintiff***


DOUGLAS T. NOAH
Florida Bar Number 863970
Dnoah@DRML-law.com
DONNA N. MOLNEY HANSEN
Florida Bar Number 930261
Dhansen@DRML-law.com
DEAN, RINGERS, MORGAN &
LAWTON, P.A.
Post Office Box 32802
Orlando, FL 32802
Telephone: (407) 422-4310

***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2012, I filed the foregoing PLAINTIFF'S EVIDENTIARY SUBMISSION, with the Clerk of the Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

DONE this 12th day of March, 2012

/s/ STEVEN L. MURRAY
Senior Trial Attorney