# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** **3:11-cv-00795-MEF-TFM** |
| **v.** | ) | |
| **JOE-RYAN ENTERPRISES, INC.** **d/b/a  JOE-RYAN TRUCKING,** **Defendant.** | ) ) ) ) ) | |
| _____ | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR ALTERNATIVELY TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant's Response in Opposition to Plaintiff's Motion to Strike (Doc. 19), although not a model of clarity, appears to make two principal arguments: (1) The *Twombly/Iqbal* analysis should not be applied to pleading affirmative defenses; and (2) requiring Defendant to do more than offer labels and conclusions when pleading affirmative defenses is unfair to Defendant.  As will be shown, both of Defendant's arguments are erroneous.  Additionally, Defendant's Response ignores one very important point clearly made by Plaintiff in its Motion to Strike and Memorandum of Law In Support of Motion to Strike: Defendant's wholly conclusory, boilerplate affirmative defenses do not meet applicable pleading standards even without applying the *Twombly/Iqbal* analysis. (Doc. 15, p. 3; Doc. 15-1, pp. 3-4, 6-10).

1

## I.    The *Twombly/Iqbal* Analysis Applies to Pleading Affirmative Defenses

In arguing that the *Twombly/Iqbal* analysis does not apply to affirmative defenses, Defendant relies on a recent opinion of United States District Judge Robert L Vinings, Jr., in *Dudley v. Regions Financial Corporation and Morgan Keegan & Company, Inc.*, a copy of which is attached as Doc. 19-1 to Defendant's Response.   Defendant erroneously asserts that *Dudley* is an employment case very similar to the *Joe Ryan* case.   In fact, *Dudley* is an action under the Fair Labor Standards Act, while the instant case is a hostile work environment and constructive discharge case under Title VII. Judge Vinings' opinion, of course, is not binding on this Court. Additionally, Judge Vinings, while acknowledging that some courts have applied the *Twombly/Iqbal* analysis to affirmative defenses, provided no analysis as to why the *Twombly/Iqbal* standard should not apply.

The view of Judge Vinings is the minority view.  As the court in *Francisco v. Verizon South, Inc.,* 2010 WL 2990159, at *6 (E.D. Va. July 29, 2010) concluded after obviously extensive research, "The majority of district courts have extended the *Twombly-Iqbal* standard to a defendant's pleading of affirmative defenses." The  *Francisco* court then cites 18 district courts which have found the heightened *Twombly-Iqbal* standard applies to affirmative defenses.  *Francisco,* 2010 WL 2990159, at *6 n.3. Thus, Defendant is badly mistaken in stating in its

Response that the "Plaintiff hangs his argument on a lone District case in South Florida." (Doc. 19, p. 2). Rather, the Commission's position is in keeping with the weight of authority, at least 18 district courts.

As one of those 18 courts aptly pointed out in *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179 (W.D. Va. June 24, 2010), there are many sound reasons for holding that *Twombly/Iqbal* applies to affirmative defenses. First, "[I]t neither makes sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense might possibly apply in the case." *Id.,* at *4. Additionally, "'[b]oilerplate defenses clutter docket; they 'create unnecessary work,' and 'in an abundance of caution' require significant unnecessary discovery." *Id.* As the court noted, by applying this standard to affirmative defenses, "[A] plaintiff will not be left to the formal discovery process to find-out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense." *Id.,* at *5.

The court in *Francisco* pointed out that Form 30 appended to the Federal Rules of Civil Procedure also supports the conclusion that the pleading of affirmative defenses requires more than a mere label or conclusion. The court

stated,

> Finally, Form 30, appended to the Federal Rules of Civil Procedure
> pursuant to Rule 84, underscores the notion that a defendant's pleading
> of affirmative defenses should be subject to the same pleading standard
> as a plaintiff's complaint because it includes factual assertions in the
> example it provides.  The Form includes within it a suggestion that
> minimal facts be asserted before raising a statute of limitations
> defense.

*Francisco v. Verizon South, Inc.,* 2010 WL 2990159, at *8 (E.D. Va. July 29,

2010).  The example for pleading a statute of limitations defense is: "The plaintiff's

claim is barred by the statute of limitations because it arose more than __ years

before this action was commenced."

Under the *Twombly-Iqbal* standard "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'"  *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "Threadbare

recitals … supported by mere conclusory statements, will not suffice." *Id.* "Factual

allegations must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Joe Ryan's affirmative

defenses do not meet these minimal standards.

**II.    Defendant's Affirmative Defenses Are Due to be Stricken Even
Without Applying** *Twombly/Iqbal*

Rule 8(b)(1)(A) requires a defendant to "state in short and plain terms its

defenses to each claim asserted against it." *Fed.R.Civ.P.* 8(b)(1)(A). A defendant

must give "fair notice of the defense" by sufficiently articulating the defense so

4

that the plaintiff "is not a victim of unfair surprise." *Barna Conshipping, S.L. v. 1,800 Metric Tons, More or Less, of Abandoned Steel*, 2009 WL 1211334, *1 (S.D. Ala. May 4, 2009).

A defendant is required to plead an affirmative defense with sufficient facts to provide plaintiff with **fair notice**. *E.E.O.C. v. Courtesy Building Services, Inc*. 2011 WL 208408, *1-2 (N.D.Tex. 2011)("there must be enough factual particularity in the affirmative defense to give the plaintiff 'fair notice'"), citing *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999).

A defendant must do more than make conclusory allegations. An affirmative defense must be stricken if it comprises no more than "bare bones conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D.Fla. 2002).

Many courts have held, under this traditional standard, that bare bones conclusory allegations, stating no factual particularity, such as those alleged by the Defendant in this case, are insufficient. *See, e.g., E.E.O.C. v. Courtesy Building Services, Inc*. 2011 WL 208408 (N.D.Tex. 2011); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681 (M.D.Fla. 2002).

A very recent example is *Smith v. City of New Smyrna Beach*, 2011 WL 6099547, *1 (M.D.Fla., Dec. 7, 2011), a copy of which was submitted with Plaintiff's prior Memorandum as Doc. 15-2.  The court in *Smith* granted plaintiff's

motion to strike all 16 of the defendant employer's affirmative defenses, without applying the *Twombly/Iqbal* analysis. *Smith's* reasoning is directly applicable to the striking of Joe-Ryan's affirmative defenses in the present action. *Smith* states:

> The purported affirmative defenses share one shortcoming: They are entirely devoid of specifics. They contain nothing from which the reader could conclude that the City actually believes that they apply in this case. Rather, **the affirmative defenses appear to be simply a generic list of defendant-friendly conclusions that could conceivably be reached in an employment discrimination case**. Even when challenged, the City provides no support for its pleading, nothing to suggest that it has reviewed this matter and has a good faith belief that these issues will need to be resolved. While affirmative defenses may not have to meet the *Twombly/Iqbal* standard, they must be more than boilerplate.

*Smith, supra,* 2011 WL 6099547, \*1.

The Eleventh Circuit decision in *Davis v. Coca-Cola Bottling Co. Consolidated,* 516 F.3d 955, 981 (11th Cir. 2008) strongly supports the Commission's position in this case. *Davis* noted that the Eleventh Circuit has "roundly, repeatedly, and consistently **condemn[ed]**" model "shotgun" pleadings. [Emphasis supplied]. The *Davis* court declared that "we have "explicitly **condemned shotgun** pleadings upward of <u>fifty times</u>" *Id.* at 980, n. 54. [Emphasis supplied]. *Davis* admonished Defendant for alleging fourteen "shotgun" answers of **one sentence** and failing to respond to any specific cause of action. 516 F.3d at 981.

Defendant claims that the Court in *Davis* was only concerned that "it was impossible to determine which parties were connected with each defense." (Doc.

19, p. 4).  That is, to say the least, not a fair reading of *Davis*.  The court's lengthy criticism was directed toward both the complaint and the answer-- the court criticized the "shotgun pleadings," not just the shotgun complaint, and criticized defendant's affirmative defenses which "consisted of only one sentence." *Davis v. Coca-Cola Bottling Co. Consolidated,* 516 F.3d 955, 981 (11th Cir. 2008).

Defendant fails to address the sufficiency of any of its asserted fourteen affirmative defenses, labeled as paragraphs fourteen (14) – twenty-eight (28) under the heading: "AFFIRMATIVE DEFENSES." [(Doc. 10: 02/20/12, p. 2-3)], except for the 14th defense: "Plaintiff has failed to state a claim upon which relief can be granted." The court can thus conclude that Defendant, having failed to respond to the Commission's specific challenges to those defenses ( *see* Doc. 15-1 pp. 10-21), cannot dispute that those defenses are insufficiently pled.

Defendant's argument regarding the one defense it does specifically discuss badly misses the mark.  Defendant claims that its Rule 12(b)(6) defense, which merely restates the language of the Rule, "is not implausible." (Doc. 19, p. 5). Defendant apparently suggests the complaint is barred by the "statute of limitations."  This suggestion is frivolous for many reasons.

First, Defendant does not assert a statute of limitations defense.  A Rule 12(b)(6) defense attacks the sufficiency of the face of the complaint, and is separate and distinct from a statute of limitations defense. *Cf. F. R. Civ. P. 8(c)*

7

with *F. R. Civ. P. 12(b)(6). See also Ambrosia Coal & Construction Co. v. Pages Morales,* 482 F.3d 1309, 1316 (11th Cir. 2007)(when considering a motion to dismiss, court must accept the factual allegations as true and construe them in the light most favorable to the nonmoving party).

Secondly, it is well-settled that there is no statute of limitations applicable to the Commission when it brings a Title VII complaint. *See Occidental Life Ins. Co. of California v. EEOC,* 432 U.S. 355 (1977).

Third, the scope of the Commission's suit is not limited by a strict reading of a charging party's EEOC charge, but is instead limited only by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge. *See Sanchez v. Standard Brands Inc.,* 431 F.2d 455, 466 (5th Cir. 1970). Defendant has made no showing, and it is certainly not apparent from the face of the complaint, that the EEOC has alleged anything in its complaint that exceeds the scope of its investigation.

Finally, the complaint adequately alleges a hostile work environment was created and continuously allowed to exist by Defendant from at least 2005 until at least August, 2009, when Rhonda Brown felt compelled to resign her employment. There is no deficiency on the face of the complaint or otherwise. Defendant's Rule 12(b)(6) defense "is insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in

the Complaint.  *Castillo v. Roche Laboratories Inc.,* 2010 WL 3027726, at *4

(S.D. Fla. August 2, 2010).

### III.    Striking Defendant's Insufficient Affirmative Defenses Is Not Unfair to Defendant

Defendant next makes various arguments, unsupported assertions, and

claims that requiring specificity in pleading affirmative defenses would be unfair to

the Defendant.  None of these arguments have any merit.

Defendant complains that the EEOC has kept it "in the dark about the

allegations against it." (Doc. 19, p.4).  This is untrue.  To the contrary, as required

by statute, within 10 days after Ms. Brown filed her charge, the EEOC gave notice

of the charge to defendant and asked it to respond to the allegations. *See* 42 U.S.C.

§ 2000e-5(b). Thus, the Defendant has had notice of the allegations against it since

January, 2010, and has had more than 2 years to investigate.  The harasser is its

own owner/supervisor, and Defendant has had the ability for over 2 years to

interview any employees or former employees whom it wishes to interview.

Both the EEOC charge and the complaint in this case are quite specific.

Defendant has implicitly acknowledged the Complaint's sufficiency by failing to

file a motion to dismiss it.

The Court in *Castillo v. Roche Laboratories Inc.,* 2010 WL 3027726 (S.D.

Fla. August 2, 2010) rejected this very argument (that it is unfair to expect a

defendant to have sufficient knowledge early in the case to allege sufficient facts to

give the plaintiff fair notice of its defenses).  In that case, where the Charge of Discrimination was filed over a year before the complaint, the court concluded the Defendant had ample time to investigate and to allege facts to give fair notice of its defenses. *Id.,* at *3.

Essentially, Defendant complains that it should not be required to have a basis for asserting affirmative defenses before discovery is undertaken.  It is submitted that the basis for this requirement is found in Rule 8's requirement that an affirmative defense provide reasonable notice of the defense to the plaintiff, and Rule 11's requirement that every pleading be warranted by the facts and law, after reasonable inquiry. Rule 11 does not permit a party to blindly make allegations which it hopes discovery will later support. Instead, Rule 11 makes such conduct sanctionable.

## IV.   Defendant's Request for Leave to Amend Its Answer

Finally, Defendant asks the Court for 14 days to "amend its pleadings to conform to the Federal Rules of Civil Procedure." (Doc. 19, p.8).  Presumably, although it is not clear, Defendant is asking for leave under Rule 15(a)(2) to amend its Answer, if the Court strikes Defendant's affirmative defenses.  Since Rule 15(a)(2) requires a court to freely give such relief when justice so requires, Plaintiff has no objection to this request.  Plaintiff, however, would remind Defendant of its Rule 11 obligations to assert only defenses, after reasonable

10

inquiry, that are not presented for any improper purpose, that are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and defenses supported by factual contentions that have evidentiary support.

### V.    Conclusion

The goal of the Federal Rules of Civil Procedure is "the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P.* 1.  That goal will not be achieved by allowing this action to proceed with these insufficiently pled, frivolous, and invalid defenses.   As the Court in *Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001) aptly noted, "Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery. Hence, discovery disputes are inevitable.  Resolving them can be time-consuming. If the court does not intervene and require the parties to narrow the issues, the discovery disputes continue unabated-until a motion for summary judgment or a pretrial conference brings them to a halt." Again, in *Davis v. Coca-Cola Bottling Co. Consolidated,* 516 F.3d 955, 981 (11th Cir. 2008), the Court explained, "The unacceptable consequences of shotgun pleading are many. First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary."

If the Court fails to strike these invalid or insufficient defenses, the Commission will be forced to spend time and taxpayer money on discovery of these issues, wasting the time and resources of the parties and taxpayers, as well as the Court's time refereeing the inevitable discovery disputes resulting from these improper defenses. The Court should meet this issue head-on, at the outset of the litigation, and strike these invalid and insufficient defenses.

For the foregoing reasons, and for the reasons stated in Plaintiff's original Motion to Strike and Memorandum of Law in support thereof, the Commission asks this court to grant Plaintiff's motion and strike each and every one of Defendant's affirmative defenses.

April 5, 2012.

Respectfully submitted,

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE BEAN
Supervisory Trial Attorney
DC Bar # 433292

STEVEN L. MURRAY
Senior Trial Attorney
(DC Bar No.: 379955)

/s/ Gerald L. Miller
GERALD L. MILLER
Senior Trial Attorney
(AL Bar No.: ASB-1454-E52G)

12

205-212-2047
gerald.miller@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL
(205) 212-2045


## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

DONE this 5th day of April, 2012.


/s/ Gerald L. Miller
Senior Trial Attorney