IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:11-cv-795-MEF |
| ) | [WO – Publish] |
| JOE RYAN ENTERPRISES, INC., d/b/a ) | |
| Joe Ryan Trucking, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This agency-initiated sex discrimination lawsuit is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Strike or Alternatively to Dismiss (Doc. # 15) Defendant Joe Ryan Enterprises, Inc.'s ("Joe Ryan Trucking") affirmative defenses. Having considered the fully-briefed motion and the relevant law, the Court finds that EEOC's motion is due to be DENIED.

**I. FACTUAL BACKGROUND**

In September of 2011, the EEOC commenced this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The Amended Complaint (Doc. # 7) alleges that, beginning in 2005, Joe Ryan Trucking discriminated against former employee (and charging party) Rhonda Brown and other female employees, subjecting them to sexually harassing conditions and a hostile work environment. Ms. Brown was allegedly

constructively discharged when the sexual harassment became so intolerable that she was compelled to resign in August of 2009.

Joe Ryan Trucking filed an Answer asserting numerous affirmative defenses. (Doc. # 10, at ¶¶ 14-28.) The EEOC's motion asks the Court to strike all of them.

## II. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure provide that 'the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Stephens v. Ga. Dep't of Transp.*, 134 F. App'x 320, 322-23 (11th Cir. 2005) (quoting Fed. R. Civ. P. 12(f)). A Rule 12(f) motion to strike an insufficient affirmative defense is proper when the defense is insufficient as a matter of law. *Equal Emp't Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (striking affirmative defense pursuant to Rule 12(f) when the defense was deemed insufficient as a matter of law).[1] Despite the fact that judges enjoy discretion to strike pleadings pursuant to Rule 12(f), "striking a party's pleading . . . is an extreme and disfavored measure." *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.3d 1045, 1057 (5th Cir. 1982) (stating that "motions to strike a defense are generally disfavored"); *see also* 5C C. Wright & A. Miller, *Federal Practice and Procedure* 3d § 1380 (2004) (stating

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2

that "motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted").

### III.  DISCUSSION

The appropriate pleading standard for affirmative defenses is, at present, an unsolved mystery in the post-*Twombly*/*Iqbal* world.  Although no court of appeals has decided the issue one way or the other, there is a growing corpus of district court decisions to guide this Court's analysis.  This Court joins the growing minority of district courts to have held that the *Twombly*/*Iqbal* plausibility pleading standard does not apply to affirmative defenses.

The first reason for not applying *Twombly*/*Iqbal* to affirmative defenses is textual. Rule 8 is the bedrock of modern notice pleading, and one consistency to be found in the Supreme Court's decisions – from *Conley v. Gibson* through *Aschcroft v. Iqbal* – is a steadfast fidelity to the text of Rule 8.  For complaints, Rule 8(a)(2) requires "a short and plain statement of the claim *showing that the pleader is entitled to relief*[.]" (emphasis added).  In contrast, Rule 8(b)(1), which governs the pleading of defenses generally, states that a responding party must "state in short and plain terms its defenses[.]"  And Rule 8(c)(1) only requires a party to "affirmatively state" any affirmative defenses.  District courts that have not superimposed *Twombly*/*Iqbal* on affirmative defenses have found the lack of any "showing" language to be significant, and justifiably so.  *See, e.g., Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10cv1218JCC, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011) (stating that the court is "bound to apply the relevant rules of civil procedure as

3

written" and finding that the lack of any "showing" language in Rules 8(b)(1)(A) or 8(c)(1) meant that *Twombly/Iqbal*'s plausibility pleading did not apply); *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011) (identifying the "significant" linguistic differences between the various Rule 8 subsections and refusing to apply *Twombly/Iqbal* to affirmative defenses); *Figueroa v. Marshalls of CA, LLC*, No. 11cv6813RGK, 2012 WL 1424400, at *1 (C.D. Cal. April 23, 2012).

The Supreme Court in *Twombly* did not find its plausibility pleading standard in a magician's hat. Rather, it was appropriately pulled from the above-discussed unique language of Rule 8(a)(2). 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" (quoting Fed. R. Civ. P. 8(a)(2)). The majority in *Twombly* then zeroed in on the specific language at issue: "[A] plaintiff's obligation to provide the 'grounds' of his '*entitle[ment] to relief*' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (quoting Fed. R. Civ. P. 8(a)(2)). As if this is not enough, the text of footnote 3 drives the point home. Addressing the dissent's argument that the Federal Rules dispensed with fact pleading altogether, the Court turned straight to the relevant language: "Rule 8(a)(2) still requires a '*showing*,' rather than a blanket assertion, of *entitlement to relief*." *Id.* at 555 n.3 (emphasis added). Thus, a plaintiff's obligations to plead facts in a complaint is drawn from language found within Rule

8(a)(2) for complaints, but not within Rules 8(b)(1) or 8(c)(1) for answers and affirmative defenses.

Furthermore, to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a "showing" is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure. *See Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991) (applying ordinary principles of statutory construction to Federal Rules of Civil Procedure). The rule of interpretation of *expressio unius est exclusio alterius* applies with force in this case. If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a "showing" of "entitle[ment] to relief" in the subsections governing answers and affirmative defenses. That Rules 8(b) and 8(c) contain no such language should end a court's inquiry. *Business Guides*, 498 U.S. at 540-41 ("As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous.").

Many courts that have been persuaded to apply *Twombly*/*Iqbal* to affirmative defenses have looked to reasons beyond the plain language of Rule 8. *See, e.g., Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 234 (E.D.N.C. 2010) (concluding that "'the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal*' mandate that the same pleading requirements apply equally to complaints and affirmative defenses" (quoting *Palmer v. Oakland Farms, Inc.*, No. 5:10cv29, 2010 WL 2605179, at *5 (W.D. Va.

5

June 24, 2010))). For example, one common argument is a questioning of why there should be two different pleading standards. *See, e.g., Castillo v. Roche Labs., Inc.*, No. 10cv20876, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (finding that it would be nonsensical "'to require a plaintiff to provide [the] defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.'" (quoting *Palmer*, 2010 WL 2605179, at *4)). As stated above, this Court is of the opinion that such policy considerations are foreclosed when the language of the Rule is clear. *See Business Guides*, 498 U.S. at 540-41. The judiciary is commissioned to interpret the Rules as they are written, not to re-draft them when it may be convenient.[2]

Finally, both sides of the debate have cited Form 30 in support of their position. *Compare Aguilar v. City Lights of China Rest., Inc.*, No. 11cv2416DKC, 2011 WL 5118325, at *3 (D. Md. Oct. 24, 2011) ("Additionally, Form 30, appended to the Federal Rules pursuant to Rule 84, strongly suggests that bare-bones assertions of at least some affirmative

---

[2] With that said, many of the district courts to have rejected *Twombly/Iqbal* in the affirmative defense setting have found sound reasons to hold responding defendants to a lower pleading standard for affirmative defenses. The first such reason concerns disparate amount of time a plaintiff has to research and draft a complaint compared to the amount of time for a defendant to research and draft an answer. The former can be measured in years while the latter is often measured in days. *See, e.g., Floridia v. DLT 3 Girls, Inc.*, No. 4:11cv3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (stating that "a different standard for plaintiffs and defendants is sensible, given that defendants have only 21 days within which to serve an answer"); *Meas v. CVS Pharmacy, Inc.*, No. 11cv823JM, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011) ("From a practical point of view, a plaintiff may investigate a potential claim for weeks, months, or even years before filing a complaint.").

defenses will not suffice, as the Form's illustration of a statute of limitations' defense sets forth not only the name of the affirmative defense, but also *facts* in support of it." (emphasis added)) *with Tiscareno v. Frasier*, No. 2:07cv336, 2012 WL 1377886, at *15 (D. Utah April 19, 2012) (observing that Form 30 allows an affirmative Rule 12(b)(6) defense to be pleaded with a one-sentence conclusory statement and concluding that this "suggests that the heightened *Twombly/Iqbal* standard was not intended to be extended to affirmative defenses"). Form 30's suggestion for a Rule 12(b)(6) affirmative defense could not be more bare-bones: "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30 (2012). If *Twombly/Iqbal* were applied to affirmative defenses, it would be difficult to imagine any affirmative defense that defies more strongly *Twombly*'s instruction to plead "more than labels and conclusions" than Form 30's example of a Rule 12(b)(6) defense. *Twombly*, 550 U.S. at 555. The Form's example of a statute of limitations defense is qualitatively no different: "The plaintiff's claim is barred by the statute of limitations because it arose more than ___ years before this action was commenced." Fed. R. Civ. P. Form 30 (2012). The reference to a number of years has been interpreted by some courts as an elaboration of "facts" in support of the defense. This is patently not the case. The language of the Form suggests stating that the action "arose *more than* ____ years" before the case was commenced. *Id.* (emphasis added). The use of "more than" does not call for the pleader to state when the action factually arose; it only calls for the pleader to state the relevant limitations period governing the plaintiff's claim. This is a legal conclusion,

7

which is, again, insufficient under *Twombly*/*Iqbal*.  *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  That both defenses listed in Form 30 would be laughed out of court under *Twombly*/*Iqbal* impresses strongly against extracting the principles from those cases and applying them in the different context of affirmative defenses.

Having concluded that *Twombly*/*Iqbal* do not apply to the pleading of affirmative defenses, the Court reverts to the extant Eleventh Circuit test: whether the defendant's pleading of its affirmative defenses provides the plaintiff with fair notice.  *See Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999); *Automated Med. Labs., Inc. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980) ("Although absolute specificity in pleading is not required, fair notice of the affirmative defense is."); *see also O'Hagan v. M&T Marine Group, LLC*, 424 F. App'x 811, 815 n.5 (11th Cir. 2011).[3]

Thus, the Court reviews Joe Ryan's affirmative defenses to determine whether they provide fair notice to the EEOC and whether any are insufficient as a matter of law.  Although many of Joe Ryan's affirmative defenses appear either legally inapplicable to the Title VII setting or even patently frivolous given the allegations of the Amended Complaint,

---

[3] It is noteworthy that the Eleventh Circuit, albeit in a footnote in an unpublished decision, has expressly reiterated the "fair notice" test without comment post-*Twombly*/*Iqbal*.

the Court declines, at this time, to strike any of them.[4] As mentioned above, motions to strike pleadings under Rule 12(f) are disfavored, and the Court is hesitant to create precedent whereby it is obligated to pick through a defendant's affirmative defenses at this stage of the litigation. The parties control the discovery process, and the EEOC, as a sophisticated party, should be able to hone in on those affirmative defenses of Joe Ryan that may actually become relevant in a dispositive motion or at trial.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED:

(1) The EEOC's Motion to Strike or Alternatively to Dismiss Defendant's Affirmative Defenses (Doc. # 15) is DENIED;

(2) The EEOC's Motion to Dismiss (Doc. # 15) is DENIED;

(3) The EEOC's Motion to Dismiss Answer and Counterclaim (Doc. # 22) is GRANTED and Joe Ryan's Amended Answer (Doc. # 21) is STRICKEN for failure to obtain leave of Court prior to filing it, Fed. R. Civ. P. 15; and,

(4) Joe Ryan's motion to amend its pleadings (Doc. # 19, at 8) is GRANTED. Joe Ryan shall file an Amended Answer **on or before July 20, 2012**.

DONE this 9th day of July, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[4] The Court, however, will grant Joe Ryan's motion to amend its answer (Doc. # 19, at 8.) In drafting an Amended Answer, counsel for Joe Ryan is reminded of her obligations under Fed. R. Civ. P. 11(b)(2) not to assert any defenses or counterclaims unwarranted by existing law.