IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:11-cv-0795-MEF |
| v. ) | (WO – Do Not Publish) |
| ) | |
| JOE RYAN ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Once again this Court is tasked with sorting out the missteps of counsel for Defendant Joe Ryan Enterprises, Inc. ("Defendant"). The Court entered a Uniform Scheduling Order in this matter on March 22, 2012—almost a year ago. (Doc. #18.) In Section 2 of that order, the Court required that any dispositive motions, **including motions for summary judgment**, shall be filed **no later than** January 11, 2013. (Doc. #18.) This is where defense counsel's problems begin.

On January 11, 2013, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed a Motion for Partial Summary Judgment. (Doc. #40.) This motion was timely filed in accordance with the Court's scheduling order. (Doc. #18.) No summary judgment motion was filed by Defendant on January 11, 2013, or at any time before then, despite the clear dispositive motion deadline set by this Court. (Doc. #18.) Defendant also did not move to extend the January 11, 2013 dispositive motion deadline; nor did Defendant seek leave of court (before the January 11, 2013 deadline passed) to file a dispositive motion

out of time.  Seeking leave of this Court to act when required by the Rules is a task that apparently has proved too daunting for Defendant and its counsel.

Indeed, rather than move to extend the dispositive motion deadline or seek leave to file a dispositive motion out of time **on or before January 11, 2013**—the deadline set for filing dispositive motions in the Court's Uniform Scheduling Order—Defendant filed its Motion for Summary Judgment on January 14, 2013, **three days late.**[1]  (Doc. #43.)  Such dilatory conduct appears to be an unfortunate habit of defense counsel, who previously responded to a motion to dismiss in this case an **entire week** after the deadline set by the Court had passed, and without obtaining leave of this Court to do so.  Defense counsel's penchant for doing what she pleases when she pleases was further displayed when she filed an Amended Answer and Counterclaim in this case without seeking leave of Court prior to filing (with this pleading being stricken as a result and defense counsel being reminded of her obligations under Fed. R. Civ. P. 11).

As expected, after Defendant filed its Motion for Summary Judgment, the EEOC promptly moved to strike it (Doc. #47), pointing out its untimely nature and arguing that "Defendant should not be rewarded or allowed, without consequence, to disregard the Federal Rules of Civil Procedure and the Orders of this Court."  The Court could not agree more and will **no longer tolerate** defense counsel's persistent walking of the fine line between mediocre lawyering and sanctionable conduct and, even worse, her excuses for it.

---

[1] Defendant's evidentiary submission in support of its motion for summary judgment was received a day later, on January 15, 2013.  (Doc. #46.)

This litigation has been replete with late and improper filings by Defendant. However, recognizing that sometimes (and very rarely) circumstances do exist making it impossible for a party to meet a deadline, on January 25, 2013, the Court entered a show cause order, giving defense counsel an opportunity to provide an explanation for why Defendant's dispositive motion was untimely filed. (Doc. #48.) What the Court received was a response full of excuses and finger-pointing from defense counsel that did nothing more than make it crystal clear to the Court that no good cause or otherwise excusable basis exists for her failure to meet a most basic obligation of her representation of Joe Ryan Enterprises―to comply with court-ordered deadlines. (*See* Defendant's Response to Court's Motion to Show Cause, and Opposition to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, Doc. #52.)

In the show cause response, defense counsel claims that she inadvertently believed that the dispositive motion deadline was January 13, 2013, rather than January 11. (Doc. #52.) Defense counsel further blames her late filing on the court reporting service that transcribed the complainant's deposition (and who was likely hired by defense counsel), claiming that she did not receive the exhibits or hard copy of the deposition until close of business on Friday, January 11, 2013. (Doc. #52.) Finally, defense counsel blames her "broke [sic]" computer and the lack of availability of "usual commercial printers" for her failure to meet the January 11, 2013 dispositive motion deadline. (Doc. #52.) The Court finds none of these excuses credible or satisfactory.

Defense counsel has had almost a year to calendar the correct dispositive motion

deadline in this case, and the Court finds little merit in her claim that she simply miscalendared the dates. More importantly, the Court will not accept defense counsel's blaming of others (likely retained by her) for her own missteps in this case. The exhibit defense counsel submitted with her show cause response indicates that she received an electronic version of the complainant's deposition, with exhibits, on January 10, 2013. (Doc. #52-1.) The fact that defense counsel did not realize the exhibits were attached to this electronic file until January 12, 2013, or that she did not receive a hard copy of the transcript until January 11, 2013, is not good cause for her failure to meet the dispositive motion deadline. This is particularly true given that defense counsel was fully aware that the dispositive motion deadline was approaching when she still had not received the complainant's deposition transcript by January 9, 2013, had ample opportunity to move for an extension of the deadline, and just chose not to do so. Finally, with respect to her computer issues, defense counsel has presented no evidence showing that "the scanning mechanism of counsel's computer was broke [sic] and usual commercial printers were unavailable." (Doc. #52.) Indeed, it is quite unbelievable that in this day and age of technology, defense counsel did not have access to any other functioning computer and that all commercial printers were "unavailable" to her at the time Defendant's dispositive motion was due.

On February 1, 2013, almost **three weeks** after filing its untimely Motion for Summary Judgment, Defendant filed a motion for an extension of the dispositive motion deadline. (Doc. #53.) Although not indicated in the motion, the Court assumes that

Defendant is moving for an extension under Rule 6(b) of the Federal Rules of Civil Procedure, which permits filing a motion out of time when "excusable neglect" is shown. Fed. R. Civ. P. 6(b)(1). Factors to consider for a finding of "excusable neglect" are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Sweetwater Investors, LLC v. Sweetwater Apartment Loans, LLC*, 2011 WL 1545076, at *2 (M.D. Ala. Apr. 25, 2011) (applying these factors to Fed. R. Civ. P. 6(b)). None of these factors weigh so much in favor of Defendant as to warrant allowing it to benefit, without consequence, from its counsel's failure to adequately litigate this case.

    First, the danger of prejudice to the EEOC is significant, as allowing Defendant to proceed with its summary judgment motion could potentially result in the dismissal of one or more of the EEOC's claims, will result in a delay of this cause, and may likely interfere with the EEOC's ability to prepare for trial. Second, while the length of delay between the dispositive motion deadline and the filing date of Defendant's summary judgment motion is minimal, the potential impact on the judicial proceedings is greater, as a delayed briefing schedule may require a continuance of the pretrial hearing and the trial in this matter. Third, as discussed above, the reasons for Defendant's delay are weak, lacking credibility, and certainly were within the control of defense counsel to prevent. There is no dispute that defense counsel was aware of the delay in receiving the complainant's deposition transcript and could have sought an extension of the dispositive motion deadline before it passed,

5

effectively eliminating the issues now before this Court, but she chose not to do so. Finally, the Court is not convinced that Defendant or its counsel acted in "good faith." Maybe if this were Defendant's first time to file a motion or pleading out of time, or maybe if defense counsel did not repeatedly disregard the Court's orders and the Rules of Civil Procedure, the Court might be inclined to believe that Defendant's missing the dispositive motion deadline was a simple error. However, considering Defendant and its counsel's repeated practice of disregarding the Rules, orders, and deadlines in this matter, the Court cannot find that Defendant acted in "good faith" and that defense counsel's failure to file a dispositive motion by the court-ordered deadline was the result of "excusable neglect."

The Court must address a few final points. The first is defense counsel's contention that Defendant's dilatory filing has done "no harm" to "either the Court staff or the Plaintiff." In essence, Defendant claims that because its dispositive motion was not due until midnight on Friday, January 11, 2013, it would not have been "processed" by the Court until Tuesday, January 15, 2013, when the Court reopened following the Martin Luther King, Jr. holiday. Defense counsel is missing the point. A deadline is a deadline. It is not a suggestion to Defendant or its counsel as to when to file a dispositive motion. The fact that Defendant's summary judgment motion would not have been "processed" by the Court until a few days after the deadline certainly does not excuse Defendant from following the **basic rules** that **<u>all other litigants</u>** are required to follow. Indeed, if Defendant's premise were followed, then any litigant faced with a Friday (or day before a holiday) deadline could simply say: "Well, my filing will not be processed until Monday, so what does it matter if I wait to file

it until then?" If that were the case, there would be no reason for deadlines; parties could file anything at any time, leaving the courts to sort out the resulting mess.

Second, defense counsel's reliance on the "at any time" language of Rule 56(b) is misplaced. This rule clearly provides that "unless . . . the court orders otherwise," a party may file a motion for summary judgment at any time. Fed. R. Civ. P. 56(b). There is no dispute that this Court ordered that dispositive motions be filed no later than January 11, 2013, which precludes Defendant's ability to rely on the "at any time" language of Rule 56(b).

Lastly, the EEOC moved to strike Defendant's opposition to its motion for partial summary judgment, relying on language in the Administrative Procedures for Civil Cases that makes electronic filing mandatory for most litigants. While the EEOC is correct that most litigants are required to file their pleadings and motions electronically, the Court may deviate from the requirements of these procedures if deemed appropriate.[2] In this case, Defendant actually timely filed its opposition to the EEOC's motion for partial summary judgment (albeit in the Court's after-hours drop box). (Doc. #49.) While the Court notes that Defendant should have submitted this filing electronically,[3] and should not be routinely using

---

[2] "The Clerk's Office or any judge of this court may deviate from the requirements of these [administrative] procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the court." CM/ECF Administrative Procedures, Civil, I.E.5.

[3] The Administrative Procedures for Civil Cases in the Middle District of Alabama provides: "Unless otherwise permitted by these administrative procedures or unless otherwise authorized by the assigned judge, all documents submitted for filing in this district after the official implementation date, . . . April 5, 2004, in civil cases, no matter when a case was originally filed, shall be filed

the after-hours drop box for non-emergency filings that should be submitted electronically, the Court does not believe that striking this filing is the remedy warranted for this mistake. Instead, Defendant is ordered to file any future motions and pleadings electronically through the Court's CM/ECF electronic filing system and is further cautioned to certify the **correct** method of service in all future certificates of service provided to the EEOC.

Accordingly, it is hereby ORDERED as follows:

(1) The EEOC's Motion to Strike Defendant's Motion for Summary Judgment and Supporting Brief (Doc. #47) is GRANTED;

(2) Defendant Joe Ryan Enterprises' Motion for Summary Judgment and supporting brief (Docs. #43, 44) are STRICKEN from the record;

(3) Defendant Joe Ryan Enterprises' Request to Permit Supplement of Exhibits Motion [sic] to Motion for Summary Judgment (Doc. #45) is DENIED as MOOT;

(4) Defendant Joe Ryan Enterprises' Motion for Extension of Deadline to File Motion for Summary Judgment (Doc. #53) is DENIED; and

(5) The EEOC's Motion to Strike Defendant's Opposition and Exhibits in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. #54) is DENIED.

DONE this the 8th day of February, 2013.

/s Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

electronically," with certain exceptions, none of which apply to this case. CM/ECF Administrative Procedures, Civil, I.E. Defendant has not applied for permission with the Court to file documents electronically. *Id.*