IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:11-cv-0795-MEF |
| v. ) | (WO – Do Not Publish) |
| ) | |
| JOE RYAN ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff Equal Employment Opportunity Commission's (the "EEOC") Motion for Partial Summary Judgment (Doc. #39). Having considered the arguments of the parties, the evidentiary submissions, and the record as a whole, the Court finds that the EEOC's motion is due to be GRANTED IN PART and DENIED IN PART.

**I. JURISDICTION AND VENUE**

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

**II. STANDARD OF REVIEW**

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled

to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration to original); *see also* Fed. R. Civ. P. 56(a). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex*, 477 U.S. at 323 (alteration to original).

If the moving party bears the burden of proof at trial, it must establish all essential elements of the claim or defense in order to obtain summary judgment. *See, e.g., United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 331). If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party "come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Id*. at 1438 (internal quotations omitted).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the non-existence of a genuine dispute of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. If the non-moving party bears the burden of proof at trial, the moving party does not have to "support its motion with affidavits or other

similar material negating the opponent's claim." *Id.* at 323. Rather, the moving party may discharge its burden in this situation by showing the court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine [dispute] for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)) (alteration to original). A court ruling on a motion for summary judgment must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.  FACTS

The Court has carefully considered the submissions of the parties in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following material facts:

Defendant Joe Ryan Enterprises, Inc. ("Defendant" or "Joe Ryan") is a trucking company located in Phenix City, Alabama. Norbert Quick ("Mr. Quick") started and still owns Joe Ryan and has served as its President and Chief Executive Officer since its inception. Mr. Quick runs the day-to-day operations of Joe Ryan.

Rhonda Brown ("Ms. Brown") is the Charging Party on whose behalf the EEOC has filed suit. Ms. Brown was employed by Joe Ryan in a secretary position from 2005 until August 7, 2009. Ms. Brown worked in a small trailer with Mr. Quick and a dispatcher. Mr.

Quick was Ms. Brown's immediate supervisor and testified that she was a good employee who was never reprimanded and never had any complaints made against her.

The nature and extent of the sexual harassment Ms. Brown purportedly endured during her employment with Joe Ryan is largely disputed. However, there is no dispute that Mr. Quick often referred to women as "whores" at the workplace in the presence of Ms. Brown. Mr. Quick also stated to Ms. Brown at the workplace: "Damn, Ms. Brown, your tits are sure getting big," and "Your boobs are getting bigger and your ass is getting wider." Mr. Quick also talked at the workplace about how he hated all women and directed Ms. Brown to hang a sexually-explicit cartoon on one of the walls in their work trailer. Mr. Quick admitted to hanging one sexually-offensive picture up in the office himself. This conduct was unwelcomed by Ms. Brown.

Joe Ryan does not have any written or oral policies or complaint procedures in place addressing sexual harassment. In fact, Joe Ryan has never trained any of its employees or drivers on sexual harassment. According to Mr. Quick, the only "training" his drivers received on sexual harassment was an instruction by him to "Respect Rhonda when you come in the door."

On August 7, 2009, Ms. Brown left her job at Joe Ryan and never returned. Ms. Brown subsequently applied for work at three hotels, a marina, and a florist shop. She also looked weekly at want-ads in the newspaper. Nevertheless, she never secured another job after her employment with Joe Ryan.

On January 12, 2010, Ms. Brown filed with the EEOC a handwritten Charge of

4

Discrimination against Joe Ryan, complaining that not a day went by where Mr. Quick did not talk about how much he hated all women and that they were "all whores." In this letter, Ms. Brown further requested that "a complaint or charge" be filed against Mr. Quick at Joe Ryan. The EEOC assigned this letter a charge number. On January 19, 2010, Ms. Brown submitted a formal Charge of Discrimination to the EEOC, on the agency's form, claiming that she was discriminated against because of her sex (female), that she was subjected to a sexually hostile work environment, and that she was constructively discharged from her employment with Joe Ryan on August 7, 2009. Ms. Brown listed August 7, 2009, as the earliest and latest date on which the discrimination took place; she did not check the box on the agency form to indicate that she was asserting a "continuing action" of discrimination.

On September 23, 2011, the EEOC filed a Complaint against Joe Ryan on behalf of Ms. Brown and a class of similarly situated employees, asserting claims of discrimination, harassment, and constructive discharge on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC filed an Amended Complaint on November 21, 2011, alleging the same claims. Joe Ryan filed its Answer to the EEOC's Amended Complaint on February 20, 2012 (Doc. #10), and filed its Second Amended Answer and Counterclaim on July 20, 2012 (Doc. #25).[1] On January 11, 2013, the EEOC filed a Motion for Partial Summary Judgment,[2] seeking the entry of summary judgment on

---

[1] On October 30, 2012, Joe Ryan's counterclaim against the EEOC was withdrawn. (Doc. #31).

[2] On January 14, 2013, Joe Ryan also filed a Motion for Summary Judgment (Doc. #43) and supporting brief and evidentiary submission (Docs. #44, 46). These filings, however, were stricken

5

the defenses set forth in paragraphs fifteen, sixteen, seventeen, eighteen and nineteen of Joe Ryan's Second Amended Answer and Counterclaim. The EEOC has also moved the Court to strike various claims and allegations made by Joe Ryan in its opposition to the EEOC's motion for partial summary judgment. (Doc. #55). These arguments will be addressed in turn below.

## IV.  DISCUSSION

### A.  Motion for Partial Summary Judgment

#### 1.  Defense Fifteen

Joe Ryan's fifteenth defense states: "Some or all of the allegations contained in the Complaint are time-barred, and/or recovery therefore should be reduced by the fact that Plaintiff suffered no adverse employment action or tangible job loss as a result of any alleged discrimination." (Doc. #25, ¶ 15.) This paragraph conflates two unrelated defenses, each of which will be discussed below.

##### a.  Time-Barred Allegations

It is unclear from paragraph fifteen the specific allegations Joe Ryan is claiming are time-barred. Joe Ryan simply states, without further elaboration, that "some or all" of the EEOC's allegations are untimely. (Doc. #25, ¶ 15.) This gives the Court little guidance, and the parties' briefing on this issue is equally unhelpful.

The EEOC's Amended Complaint alleges that, since 2005 and on a continuing basis

---

from the record as untimely and, as such, will not be considered by the Court. (Doc. #57.)

through and including 2009, Joe Ryan has subjected Ms. Brown to a sexually hostile work environment that became so severe and pervasive that Ms. Brown was forced to resign her employment with Joe Ryan on August 7, 2009. (Doc. #7.) Ms. Brown submitted a handwritten letter to the EEOC on January 12, 2010, alleging that not a day went by during her employment with Joe Ryan when Mr. Quick did not "talk about how much he hated all women + end that statement with 'their [sic] all whores.'" (Doc. #55-2.) Ms. Brown concluded this letter with the following: "I would like to file a complaint or charge against Norbert Quick at" Joe Ryan Trucking. (Doc. #55-2.) The EEOC assigned Ms. Brown's January 12, 2010 letter charge number 420-2010-00793. (Doc. #55-2.) On February 2, 2010, Ms. Brown filed a formal charge of discrimination with the EEOC, again alleging that she had been subjected to a sexually hostile work environment and that she was constructively discharged from her employment with Joe Ryan on August 7, 2009. (Doc. #50-3.) The EEOC assigned this charge the same number as that given to Ms. Brown's January 12, 2010 letter.

Joe Ryan now claims that "some or all" of the allegations in the EEOC's Amended Complaint are time-barred because they were not the subject of a timely-filed charge of discrimination. Title VII requires that a charge "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C.§ 2000e-(5)(e)(1). If a plaintiff fails to file a charge of discrimination within this limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies. *See, e.g., Brewer v. Ala.*, 111 F. Supp. 2d 1197, 1204 (M.D. Ala.

2000).

In light of the foregoing, the Court must determine what "filing" constitutes Ms. Brown's charge of discrimination – the formal charge that Ms. Brown filed on February 2, 2010, as claimed by Joe Ryan, or the handwritten letter that Ms. Brown submitted to the EEOC on January 12, 2010, as claimed by the EEOC. The Court finds that it is the latter. While documents like intake questionnaires, affidavits, and written correspondence are not typically viewed as a "charge" within the meaning of Title VII, they can be treated as such if "the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf[.]" *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 404 (2008). In this case, Ms. Brown's January 12, 2010 letter clearly alleges that she was subjected to a sexually hostile work environment and constructively discharged from her employment with Joe Ryan on August 7, 2009. This letter further requests that "a complaint or charge" be filed against Norbert Quick at Joe Ryan. In sum, the intent of this request is clear — Ms. Brown wanted to institute agency action against Mr. Quick and Joe Ryan for the sexually harassing conduct she purportedly endured while employed with Joe Ryan and her subsequent constructive discharge from that employment. As such, the Court will consider the filing date of Ms. Brown's charge of discrimination to be January 12, 2010, not February 2, 2010, and any discriminatory acts that took place within 180 days of that date (*i.e.*, on or after July 16, 2009), including August 7, 2009, the date of Ms. Brown's alleged constructive discharge, are within the 180-day limitations period, and therefore, the subjects of a timely charge of

discrimination.[3]

The EEOC, however, is also seeking to recover for acts that occurred outside this limitations period, including acts that purportedly date back to 2005. The EEOC appears to rely on the continuing violations doctrine to make these acts timely. The continuing violations doctrine provides an exception to the 180-day rule and allows a plaintiff to pursue a claim on an alleged act of discrimination that took place more than 180 days before she filed her EEOC charge where that discriminatory act was part of a continuing violation of Title VII that continued into the period of time beginning 180 days before the EEOC filing. *See Harris v. Fulton-DeKalb Hosp. Auth.*, 255 F. Supp. 2d 1347, 1366 (N.D. Ga. 2002). In sum, the EEOC argues that all of the harassing conduct Ms. Brown endured during her employment with Joe Ryan forms "part of a continuing pattern of demeaning, humiliating acts by Quick toward Ms. Brown" that continued into the period of time beginning 180 days before she filed her January 12, 2010 charge of discrimination.

Yet to take advantage of the continuing violations doctrine, a "substantial nexus" between timely conduct and conduct that occurred outside the filing period must exist. *Harris*, 255 F. Supp. 2d at 1366 (internal quotations and citation omitted). Other than August 7, 2009, the date of Ms. Brown's alleged constructive discharge, the evidence is disputed as to when and if any other alleged discriminatory acts occurred. The EEOC claims that Ms.

---

[3] Even if the Court determined that the filing date of Ms. Brown's charge of discrimination was February 2, 2010, any discriminatory acts that took place within 180 days of that date (*i.e.*, on or after August 6, 2009), including Ms. Brown's alleged constructive discharge on August 7, 2009, would be the subject of a timely charge of discrimination.

Brown was sexually harassed on a regular, if not daily, basis from the time she began her employment with Joe Ryan in 2005 until she was constructively discharged on August 7, 2009.[4]  These alleged acts, according to the EEOC, collectively form a continuing pattern of discrimination that culminated in Ms. Brown's alleged constructive discharge, which Joe Ryan concedes was the subject of a timely charge of discrimination.  In response, Joe Ryan presented conflicting evidence – evidence, when viewed in the light most favorable to Joe Ryan, tends to show that, if Ms. Brown was indeed sexually harassed or discriminated against, it was not on a "continuing" or "daily" basis as she claims.  As a result, the Court finds that there is a genuine dispute of fact as to whether there is a "substantial nexus" between the alleged discriminatory acts that occurred within the 180-day limitations period and those that occurred outside it, so as to make all of the discriminatory acts made the basis of the EEOC's Amended Complaint the subjects of a timely charge of discrimination.

### b. No Adverse Employment Action or Tangible Job Loss

Joe Ryan's second argument in paragraph fifteen of its Amended Answer is that the EEOC's recovery is limited by the fact that Ms. Brown suffered "no adverse employment action or tangible job loss as a result of any alleged discrimination."  (Doc. #25, ¶ 15.)  Whether Ms. Brown suffered an adverse employment action or tangible job loss is relevant in several respects to this case, particularly with respect to available affirmative defenses.  Indeed, "when analyzing whether an employer should be held liable for a supervisor's

---

[4] The EEOC makes this claim without providing the Court with any specific details, such as what alleged acts occurred when.

harassment, courts should separate these cases into two groups: (1) harassment which culminates in a 'tangible employment action,' such as discharge, demotion or undesirable reassignment; and (2) harassment in which no adverse 'tangible employment action' is taken but which is sufficient to constructively alter an employee's working conditions." *Frederick v. Spring/United Mgmt. Co.*, 246 F.3d 1305, 1312 (11th Cir. 2001). Under this analysis, when a supervisor engages in harassment that results in an adverse "tangible employment action" against the employee, the employer is automatically held vicariously liable for the harassment. *Id.* On the other hand, when a supervisor's harassment involves no adverse "tangible employment action," an employer can avoid vicarious liability for the supervisor's conduct by raising and proving the affirmative defenses described in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

In this case, there is no dispute that Mr. Quick was Ms. Brown's supervisor. That being said, when viewing the evidence in the light most favorable to Joe Ryan, there is a dispute as to whether Ms. Brown suffered an adverse employment action or tangible job loss. While Ms. Brown claims that she was constructively discharged, Joe Ryan has presented evidence that Ms. Brown never complained about sexual harassment while employed with Joe Ryan and, instead, simply left work one day, without providing any notice, and never returned. Despite the EEOC's allegations to the contrary, there is also evidence tending to show that Ms. Brown's working conditions at Joe Ryan were not so intolerable that a reasonable person would have felt compelled to resign. *See Wilborn v. S. Union State Cmty.*

*College*, 720 F. Supp. 2d 1274, 1298 (M.D. Ala. 2010). In sum, when viewing the evidence in the light most favorable to Joe Ryan, the decision of whether Ms. Brown was "constructively discharged" is best left to the jury.

Accordingly, the EEOC's motion for partial summary judgment with respect to Joe Ryan's fifteenth affirmative defense is GRANTED as to Joe Ryan's claim that any of the alleged discriminatory acts that occurred within 180 days of Ms. Brown's January 12, 2010 charge of discrimination are time-barred. The EEOC's motion for partial summary judgment as to Joe Ryan's fifteenth affirmative defense is DENIED in all other respects.

### 2. Defense Sixteen

Joe Ryan's sixteenth defense claims that it exercised reasonable care to prevent and/or correct any unlawful or harassing behavior. (Doc. #25, ¶ 16.) This paragraph is an attempt by Joe Ryan to assert the affirmative defenses set out in *Faragher* and *Ellerth*. As discussed above, the Court has found that whether Mr. Brown was constructively discharged is a disputed issue best left to the jury. As such, the applicability of the *Faragher/Ellerth* defense, which turns on whether Ms. Brown suffered a tangible employment action, must also be left to the jury. Therefore, the EEOC's motion for partial summary judgment as to Joe Ryan's sixteenth affirmative defense is DENIED.

### 3. Defense Seventeen

In its seventeenth defense, Joe Ryan alleges that Ms. Brown's claims "are barred by the doctrines of license and ratification to the extent that she failed to report any allegedly unwelcome conduct, actively engaged, participated and initiated the conduct of which she

now complains." (Doc. #25, ¶ 17.)  License and ratification are affirmative defenses.  Fed. R. Civ. P. 8(c)(1); *Irvine v. Cargill Investor Servs., Inc.*, 799 F.2d 1461, 1462 (11th Cir. 1986).

The Court has come across no authority to support Joe Ryan's proposition that the defenses of "license" and "ratification" apply in a sexual harassment/constructive discharge context.  Moreover, as the EEOC correctly notes, it is not the Court's function to prove Joe Ryan's defense for it.  *See Alexander v. City of Muscle Shoals, Ala.*, 766 F. Supp. 2d 1214, 1241 (N.D. Ala. 2011) ("Courts cannot, and should not, assume the role of counsel for litigants, and this includes declining to shore up a 'perfunctory and underdeveloped argument.'") (quoting *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.3 (11th Cir. 2007)).

Still, even if the Court were to entertain this defense, it is clear that what Joe Ryan has argued is a far cry from the traditional defenses of "license" and "ratification."  Indeed, in its opposition brief, Joe Ryan claims that Ms. Brown's "eager, enthusiastic and contributory participation to the acts and language she now complains of" evidences her purported "license" and "ratification" of the discriminatory conduct she endured while employed with Joe Ryan.  Joe Ryan cites to matters "discussed and cited" in its Motion for Summary Judgment and evidentiary submission, which was stricken from the record and, therefore, will not be considered by the Court.  That leaves the only "contributory participation" identified by Joe Ryan as Ms. Brown's hanging of a sexually-explicit cartoon in the work trailer she shared with Mr. Quick; however, Joe Ryan fails to acknowledge that this action by Ms. Brown was at the instruction of her supervisor and purported harasser, Mr. Quick.

13

Joe Ryan also fails to acknowledge that this conduct was admittedly unwelcomed by Ms. Brown. As such, the EEOC's motion for partial summary judgment on Joe Ryan's affirmative defense seventeen is GRANTED.

### 4. Defense Eighteen

Joe Ryan's eighteenth defense states that the EEOC is estopped from recovery due to Ms. Brown's failure to exhaust "employer-provided remedies." (Doc. #25, ¶ 18.) Although this defense is not a picture of clarity, from what the Court can discern, it appears that Joe Ryan is attempting to preclude recovery by the EEOC based on Ms. Brown's alleged failure to "complain or report objectionable behavior at any time to anyone." (Doc. #49.) To support this defense, Joe Ryan argues that Ms. Brown and the EEOC have taken "inconsistent" positions throughout this litigation and that these so-called inconsistences preclude the EEOC from recovering on Ms. Brown's behalf.

To begin, to the extent this defense is based on the doctrine of "estoppel," such a defense is not applicable here. While there is no dispute that estoppel is an affirmative defense on which Joe Ryan would bear the burden of proof at trial, *see* Fed. R. Civ. P. 8(c)(1), this doctrine applies when a party takes a position in one proceeding that is inconsistent with a position it took in another proceeding, all to another's prejudice. *See Nat. Fire Ins. Co. v. Housing Dev. Co.*, 827 F.2d 1475, 1480 (11th Cir. 1987). In this case, there is no evidence of inconsistent positions being taken by the EEOC or Ms. Brown, and even if there was evidence that the EEOC or Ms. Brown took positions in this litigation that are inconsistent with their positions in some other litigation, there is no evidence that these

14

inconsistent positions prejudiced Joe Ryan in this instance.

Nor does Ms. Brown's purported failure "to exhaust employer-provided remedies" salvage Joe Ryan's eighteenth defense. To begin, there is no dispute that Joe Ryan had no written or oral sexual harassment policy or complaint procedure in place at any time during Ms. Brown's employment. As such, there were no "employer-provided remedies" in place for Ms. Brown to exhaust.

Because there is no genuine dispute of material facts as to this defense, the EEOC's motion for partial summary judgment as to Joe Ryan's eighteenth affirmative defense is GRANTED.

### 5. Defense Nineteen

Finally, in its nineteenth defense, Joe Ryan claims that the EEOC is estopped from recovery due to Ms. Brown's "failure to mitigate damages by seeking and obtaining comparable employment available in the community." (Doc. #25, ¶ 19.) Ms. Brown's failure to mitigate damages is an affirmative defense for which Joe Ryan would bear the burden of proof at trial. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000). More specifically, Joe Ryan would have to show that Ms. Brown did not seek comparable employment following her termination. *See id.* Importantly, however, Ms. Brown does not have to be successful in her mitigation attempts; she must only make a reasonable, good faith effort to mitigate. *Walters v. City of Atlanta*, 803 F.2d 1135, 1146 (11th Cir. 1986).

In this case, there is no dispute that Ms. Brown made a reasonable, good faith effort

to mitigate her damages following her alleged constructive discharge from Joe Ryan. Ms. Brown testified that she sought employment from at least five different employers following her discharge from Joe Ryan, and that she has looked at want-ads in the newspaper at least once a week since leaving there. The fact that Ms. Brown was not successful in securing employment does not negate her efforts. There is no evidence that Ms. Brown refused a job offer for a position that was (or even was not) substantially comparable to her former employment with Joe Ryan. Moreover, Joe Ryan has presented no evidence contradicting Ms. Brown's testimony. Indeed, Mr. Quick (on behalf of Joe Ryan) testified that he had no knowledge of Ms. Brown's job search efforts or whether there were any comparable jobs available to her in Phenix City or the surrounding area. Based on the foregoing, the EEOC's motion for partial summary judgment as to Joe Ryan's nineteenth affirmative defense is GRANTED.

**B.     Motion to Strike**

Although not specified as a separate motion, in its Reply and Objections in Support of Motion for Partial Summary Judgment, it appears that the EEOC is moving the Court to strike various allegations made by Joe Ryan in its opposition to the EEOC's summary judgment motion. Thus, the Court will construe the EEOC's motion for partial summary judgment as also containing a motion to strike.

Federal Rule of Civil Procedure 12 allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.

R. Civ. P. 12(f). Typically, this measure is limited to striking allegations from *pleadings*, which do not include summary judgment motions like the one presently before the Court. Moreover, motions to strike under Rule 12(f) are "an extreme and disfavored measure." *EEOC v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012).

That being said, based on the Court's understanding of the issues relevant to the EEOC's motion for partial summary judgment, and unfortunately knowing all too well the type of questionable tactics defense counsel has employed during these proceedings, (*see* Doc. #57), the Court agrees with the EEOC that Joe Ryan's allegations in its opposition to the EEOC's summary judgment motion regarding Ms. Brown's sexual history, her purported use and selling of illegal drugs, her use of anti-depressants, and her being menopausal is wholly irrelevant for purposes of determining the issues presented in the EEOC's partial summary judgment motion.[5] This is not to say, however, that these allegations are always irrelevant as a matter of law. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68–69 (1986). It is simply that, at this point in the proceedings, these allegations, despite their disparaging and inflammatory nature, are not appropriate fodder for a Rule12(f) motion to strike.[6] Indeed, these allegations go to the issues of whether Mr. Quick's alleged conduct

---

[5] The EEOC has also moved to strike Joe Ryan's allegations that the EEOC has taken inconsistent positions throughout this litigation. However, unlike the other allegations the EEOC has moved to strike, the Court finds that this allegation is not inflammatory but relevant to the applicability of Joe Ryan's seventeenth affirmative defense.

[6] While the Court declines to strike these allegations at this point in the proceedings, the Court notes that it did not consider these allegations in resolving the EEOC's motion for partial summary judgment, as they had no bearing on the specific affirmative defenses asserted by Joe Ryan for which the EEOC now seeks summary judgment.

was "unwelcomed," Ms. Brown's credibility, and her damages, and as such, should be addressed through a motion in limine. Thus, the EEOC's motion to strike is DENIED.

## V.  CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. The EEOC's motion for partial summary judgment (Doc. #39) with respect to Joe Ryan's fifteenth affirmative defense is GRANTED as to Joe Ryan's claim that any of the alleged discriminatory acts that occurred within 180 days of Ms. Brown's January 12, 2010 charge of discrimination are time-barred. The EEOC's motion for partial summary judgment as to Joe Ryan's fifteenth affirmative defense is DENIED in all other respects.

2. The EEOC's motion for partial summary judgment (Doc. #39) as to Joe Ryan's sixteenth affirmative defense is DENIED.

3. The EEOC's motion for partial summary judgment (Doc. #39) as to Joe Ryan's seventeenth, eighteenth, and nineteenth affirmative defense is GRANTED.

4. The EEOC's motion to strike (Doc. #39) is DENIED.

DONE this the 28th day of March, 2013.

/s Mark E. Fuller
UNITED STATES DISTRICT JUDGE